ELIZABETH TWOGOOD, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

In an action against the city of New York for damages alleged to have been caused by its negligence in not causing an accumulation of ice upon a sidewalk to be removed, evidence was given that the patrolman who was detailed for duty within the precinct and required to report any violation of city ordinances, on each day for seven days just prior to the injury complained of made reports in writing, in accordance with the usual custom, in substance that the snow and ice had not been removed from the sidewalk in question, also that it was the custom for the inspector to forward such reports to police head-quarters, and from there to the office of the corporation attorney. The court charged that the fact that the patrolman made such report was not sufficient to charge the city with notice. *Held* error.

(Argued March 22, 1886; decided April 13, 1886.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made June 25, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence in failing to remove an accumulation of ice and snow from a sidewalk of one of its streets.

Plaintiff in passing over the walk fell and broke her arm. The further facts material to the question discussed are stated in the opinion.

*George C. Lay* for appellant. The department of police and bureau of street cleaning was the agent of the city in the performance of the duty of keeping this sidewalk in repair and free from obstructions under the charter of 1873, in force at the time of the accident. (Chap. 335 of the Laws of 1873, § 67; *Maximillian* v. *Mayor, etc.*, 62 N. Y. 160; *Ham* v. *Mayor, etc.*, 70 id. 459; *Ehrgott* v. *Mayor, etc.*, 96 id. 264; Ordinances of the City, art. 25 [R. ed.], 1880, 234.) It was error to charge that there was not actual notice to the city. (*Goodfellow* v. *Mayor, etc.*, 2 N. E. Rep'r, 462.)

*D. J. Dean* for respondent. The park department is an executive branch of the municipal government. (Charter, § 83, chap. 335, Laws of 1873.) It represents and acts in behalf of the municipality in the performance of the duties devolved upon it. (*Ehrgott* v. *Mayor, etc.*, 96 N. Y. 273.) The charge to the jury that if, in their opinion, the snow and ice had been upon the walk for such a length of time that it was negligent for the city not to have removed the same, the plaintiff was not entitled to recover, whether the city had actual notice of the condition of the walk or not, did no injustice to the plaintiff, and even if it was erroneous, it will be disregarded. (*Stoddard* v. *L. I. R. R. Co.*, 5 Sandf. 187; *Lamb* v. *C. & A. R. R. Co.*, 2 Daly, 475; *Forrest* v. *Forrest*, 25 N. Y. 510; *Heim* v. *Meyer*, 61 id. 171; *Townsend* v. *Narragansett Ins. Co.*, 36 J. & S. 170; *City Bk.* v. *Dearborn*, 20 N. Y. 244; *Park* v. *Tilton*, 15 Abb. 384; *Shorter* v. *People*, 2 N. Y. 193.)

Andrews, J. The defense was placed on two grounds, the negligence of the plaintiff and the absence of negligence on the part of the defendant. The trial judge submitted both questions to the jury, who found a general verdict for the defendant. It is impossible to say whether the jury found for the defendant on both issues, or only on the issue of the defendant's negligence. It is claimed that upon the uncontroverted facts the plaintiff was negligent in venturing upon the walk in its icy condition, when she could have avoided all danger by go-

ing upon the walk upon the other side of the street, which was clear and safe.    We think this question, under the decisions, was for the jury.   (*Todd* v. *City of Troy*, 61 N. Y. 506; *Evans* v. *City of Utica*, 69 id. 166.)   The plaintiff is entitled, therefore, to the benefit of any valid exceptions to the rulings of the court on the issue of the defendant's negligence.    The main charge of the judge was fair and discriminating, and except for a ruling at the request of the defendant, bearing upon a question of notice, made after the conclusion of the principal charge, we should affirm the judgment.    The accident occurred on the 20th day of January, 1881, and the locality was a sidewalk on the south side of a public park on Christopher street.   This territory was within the precinct of Patrolman Pitcairn, who, in January, 1881, was detailed for duty by the police department within this precinct, and to report any violation of city ordinances. On the tenth, twelfth, thirteenth, fifteenth, seventeenth, eighteenth, nineteenth and twentieth days of that month, he made reports in writing substantially as follows: "Snow and ice not removed from around public park bounded by West Fourth, Grove and Christopher," and left them at the station-house.   This was according to the usual custom, and it is the practice for the inspector to forward reports lodged there, to police head-quarters, and from there they are sent to the office of the corporation attorney.   The trial judge, on the request of the defendant's counsel, charged "that the fact that officer Pitcairn observed the snow and ice on the twelfth, thirteenth, fifteenth, seventeenth, eighteenth, nineteenth and twentieth of January, and made the entry in his book, as he testified he did, and the further facts that he reported the facts as he testified; such facts are not in themselves sufficient to charge the city with notice."   The plaintiff excepted to this charge.   The judge in his main charge pointed out that notice, to charge the city, might be either actual or constructive, and charged that the city was liable for injuries from an obstruction on a sidewalk only where the proper authorities had actual notice of its existence and neglected to

remove it within a reasonable time thereafter, or where, although not having actual notice, nevertheless the obstruction had existed for such a length of time that its existence ought to have been known to the public authorities, and they thereafter negligently omitted to remove it. The point of the request was that the reports of Pitcairn to his superior officer, made in the usual course, was not notice to the defendant. We think the court erred in charging this proposition (*Rehberg* v. *Mayor, etc.*, 91 N. Y. 137, 138), and we cannot say that the error was harmless. It left the negligence of the defendant to rest upon the question of constructive notice, assuming that the jury should find that the sidewalk was in a dangerous condition, and upon the further question whether this condition had existed for such a length of time that actual notice ought to be imputed. We feel constrained to reverse the judgment on this exception, although it is by no means certain that the error affected the verdict.

The judgment should, therefore, be reversed and a new trial ordered.

All concur.

Judgment reversed.