## THE CITY OF HIGHLANDS v. RAINE.

1. PRACTICE—MOTION FOR JUDGMENT ON THE PLEADINGS.

A mere formal objection, as that the replication denying the new matter set up in the answer does not designate the count in the answer it was intended to deny, cannot be reached by a motion for judgment on the pleadings.

2. CONTRIBUTORY NEGLIGENCE.

Attempting to pass along a sidewalk known to be defective is not necessarily negligence *per se*. Such prior knowledge on part of the plaintiff will not prevent a recovery of his damages sustained by reason of such defect if from all the facts and circumstances in evidence, taking into consideration his knowledge and familiarity

with the walk, he exercised ordinary care and caution to avoid the injury.

3. APPELLATE PRACTICE.

An objection to an instruction that it does not sufficiently define the meaning of terms, such as "ordinary negligence" or "contributory negligence," will not be considered on review unless the party complaining requested appropriate instructions to cure the supposed defect. A mere nondirection is not available as error.

*Appeal from the District Court of Arapahoe County.*

THIS action is brought to recover damages for injuries alleged to have been sustained by the plaintiff from falling upon a defective sidewalk on the south side of Agate avenue, in the city of Highlands. The complaint avers that on the evening of February 13, 1893, between the hours of 8 and 9 o'clock, the plaintiff, while walking along upon said sidewalk, by reason of the defective, uneven and sideling condition of the walk, and without any fault or negligence on his part, slipped and fell, striking his knee upon the edge of the walk, thereby sustaining serious and permanent injury.

The answer of the city specifically denies the allegations of the complaint, alleges contributory negligence on the part of plaintiff, and avers that the injury was occasioned by a prior accident, and not from the fall on the sidewalk. To this answer plaintiff replied, denying each and every allegation of new matter. The defendant moved for judgment upon the pleadings, which was denied; and thereupon the case was tried to a jury. Upon the conclusion of plaintiff's testimony, defendant interposed a motion for nonsuit, which was overruled, and the defendant then introduced its testimony. The jury returned answers to special questions submitted upon request of defendant, and a general verdict in favor of plaintiff, assessing his damages at $3,000. Motion for a new trial was overruled, and judgment rendered upon the verdict. From this judgment the city prosecutes this appeal.

Mr. L. E. KENWORTHY and Mr. B. C. HILLIARD, for appellant.

Mr. S. D. WALLING, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

Numerous errors are assigned, but those that are sufficiently specific to require notice challenge only the rulings of the court below in denying the motion for judgment on the pleadings, motion for nonsuit, and in giving and refusing certain instructions. The ground upon which the motion for judgment upon the pleadings was predicated was the insufficiency of the replication in not designating the count of the answer it was intended to deny. Section 71 of our Code of Civil Procedure provides: "The replication may be general in terms, denying all new matter set up in the answer." Section 60 provides that the sufficiency of a replication may be attacked by demurrer, or by motion. Defendant failed to so challenge it, and the defect at most being a formal one, could not be reached by a motion for judgment on the pleadings. *Orman v. Mannix*, 17 Colo. 564. The motion for a nonsuit was based upon the claim that the testimony introduced in behalf of plaintiff discloses such contributory negligence on his part as to preclude a recovery, notwithstanding the fact that defendant was guilty of negligence in the premises; and the objection to the instructions complained of is based upon the same ground, it appearing from the evidence that the sidewalk was in a defective condition, and had been so for a long time prior to the time of the accident, in that it was uneven and slanting inwardly from the street for a distance of some forty feet, so that the same was some nine inches lower at the inner than at the outer edge; that on the night in question it was wet and slippery in consequence of a slight fall of snow. It also appears that plaintiff was acquainted with this condition of the walk, and had occasionally walked over it before. About 8 o'clock on the evening of the accident he was going on business from his home on the south side of Agate avenue to a place farther down on the same side of the street. The night was somewhat cloudy.

He describes the manner in which he attempted to pass over the defective piece of sidewalk, and how the injury resulted. On cross-examination he stated:

" The walk on the opposite side of the street is not good and not bad. You can get along with a fair degree of safety. I was walking on the upper outside edge of the walk. I deemed it safer on the high than on the low side, and concluded to walk on it. I had then in mind the dangerous condition of the walk. I knew the incline was there; had known of it two years. * * * I was over it once a week; perhaps some weeks was over it two or three times."

It is insisted by counsel for the city that it thus appearing from plaintiff's testimony that he was familiar with the defective condition of the walk, his attempt to pass over it was not consistent with reasonable prudence and the exercise of proper care on his part to avoid danger. In other words, that by using the walk, with prior knowledge of its defective condition, the act of plaintiff constituted negligence *per se.* We do not think, under all the conditions disclosed by the testimony, that it can be said, as a matter of law, that the conduct of plaintiff constituted negligence *per se;* but that, under the circumstances, it became a question for the jury to determine whether, in view of the nature of the defect, and the degree of danger to be apprehended from its existence, the ease or difficulty of avoiding it by using other portions of the street, the plaintiff exercised that degree of care and caution that an ordinarily prudent and careful person would use in the same situation.

The court below adopted this view, and denied the motion for nonsuit, and upon the close of the testimony instructed the jury that the fact alone of prior knowledge of the condition of the sidewalk on the part of plaintiff would not prevent his recovery, if from all the facts and circumstances in evidence, taking into consideration his knowledge and familiarity with the walk, he exercised ordinary care and caution to avoid the injury.

The rule of law as laid down by the court below on this

subject finds very general support in the adjudged cases. While knowledge of the existence of a defect or obstruction is a very important element in determining the question of contributory negligence, it is not alone decisive, unless the defect or obstruction is so great and obviously dangerous that a man of ordinary prudence would not attempt to pass over it. As was said in the case of *Poseyville v. Lewis*, 126 Ind. 80 :

"It is well settled, that while knowledge of a defect is always an important fact to be considered in determining the question of contributory negligence, that fact of itself does not, by any means, always prove that the plaintiff was in fault. The decisions in other states are in harmony with our own."

And in *Kavanaugh v. City of Janesville*, 24 Wis. 618, a case very much in point by reason of the similarity of the facts therein to those of the case at bar, it is said :

"Nor do we think there is any ground for saying that she (plaintiff) was guilty of negligence because she attempted to pass along the walk there, well knowing its dangerous condition. She was passing along with due caution—as we must assume after the verdict of the jury—one of the public streets of the city which was defective and out of repair. She had passed there many times before safely, notwithstanding its dangerous condition, and because she attempted to do so again, we are asked to hold, as a matter of law, that she was guilty of negligence that directly contributed to the injury. This we cannot do."

Among the many cases to the same effect are *Lowell v. Township of Watertown*, 58 Mich. 568; *City of Flora v. Naney*, 136 Ill. 45; *Smith v. City of St. Joseph*, 45 Mo. 449; *Snow v. Provincetown*, 120 Mass. 580; *Templeton v. Town of Montpelier*, 56 Vt. 328; *Holloway v. City of Lockport*, 61 N. Y. Sup. Ct. 153; *Loewer v. City of Sedalia*, 77 Mo. 431.

We think the court below fully and fairly instructed the jury upon the law of the case, and committed no error in refusing the instructions asked by defendant. If it failed to

sufficiently define the meaning of the terms " ordinary negligence " and " contributory negligence," it is the fault of the defendant in not asking for such instruction, mere nondirection not being available as error.    *Brown v. People*, 20 Colo. 161.

We think the special findings of the jury are consistent with, and support, the general verdict; and that both are sustained by the clear weight of evidence.    A careful review of the record discloses no error prejudicial to the rights of defendant.    The judgment of the court below is therefore affirmed.

*Affirmed.*