## No. 9690.

THE DENVER & RIO GRANDE RAILROAD CO. *v.* KOMFALA.

Decided Nov. 8, 1920.    Rehearing denied Jan. 10, 1921.

Action against employer for personal injuries sustained
by employe.    Judgment for plaintiff. `

*Reversed.*

1. TRIAL—*Directed Verdict.*    Where under the undisputed evidence and
   law applicable thereto the plaintiff ought not to recover, on
   motion a verdict should be directed for defendant.

*Error to the District Court of Fremont County, Hon. James
L. Cooper, Judge.*

Mr. E. N. CLARK, Mr. G. A. LUXFORD, for plaintiff in
error.

Mr. A. L. JEFFREY, Mr. EDWIN H. STINEMEYER, for de-
fendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

KOMFALA had judgment for injuries from a fall which
he claimed was caused by the neglect of the railroad com-
pany to furnish a safe place to work.    He was employed by
the Denver & Rio Grande Railroad Company and was at
work in the Royal Gorge.    He was directed to climb a cliff

twenty feet high and did so with a ladder sixteen feet long, pulling himself from the top of the ladder to the top of the cliff by taking hold of a crevice in the rock.  He stood upon a bench above the cliff and held a guy rope until directed to come down.  He testified that he said it was dangerous, but that the foreman answered "Come down or stay up."  He started to come down, holding to the same crevice, but before his feet reached the top of the ladder the rock gave way so that he fell and received injuries to his feet.

Previously, on the same day he had, with others, climbed to and come down from the same bench, by another way, which, by the undisputed testimony, is shown to have been feasible and reasonably safe.

The defendant asked for a directed verdict which was denied.

The court instructed the jury as follows:

"* * * And if you find from the evidence that the plaintiff had a choice of ways to descend, one of them obviously and apparently hazardous and dangerous and the other reasonably free from danger, it was the duty of the plaintiff to descend the safe way."

This instruction stated the law correctly, but that law under the evidence required a directed verdict for the defendant.

There are other assignments of error which we think well taken, but it is not necessary to notice them.

The judgment should be reversed with directions to dismiss the case.

MR. JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.