PHŒBE WASHBURN, Respondent, *v.* THE VILLAGE OF SCHUY-
LERVILLE, Appellant.

Third Department, November 10, 1920.

**Municipal corporations — negligence — fall of pedestrian upon icy sidewalk of village — constructive notice — contributory negligence — appeal — error in admission of evidence disregarded under section 1317 of Code of Civil Procedure.**

Action against a village to recover damages for personal injuries to the plaintiff who fell upon an icy sidewalk of one of the defendant's streets. It appeared that water from a pump was discharged upon the sidewalk and also that water was carried by a pipe from the gutter on a building across the street and discharged at or near the place of the accident so that it spread over the walk in cold weather and froze, which conditions had existed for several years, and still existed at the time of the trial without change. Evidence examined, and

*Held,* that as the proof showed that there had been no snow or rain for three days before the accident, the jury was justified in finding that the dangerous condition had existed long enough to give the defendant constructive notice, and that the plaintiff's contributory negligence was also for the jury, and that a judgment in her favor should be affirmed.

If error in the admission of evidence remained after the court's ruling it should be disregarded under section 1317 of the Code of Civil Procedure.

APPEAL by the defendant, The Village of Schuylerville, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 6th day of November, 1918, upon the verdict of a jury for $3,300, and also from an order entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*Rowe & Walsh* [*A. F. Walsh* of counsel], for the appellant.

*Henry F. Toohey,* for the respondent.

KILEY, J.:

On the 18th day of December, 1916, the plaintiff fell upon an icy sidewalk on one of the defendant's streets, in practically the center of the village. She alleges that in such fall she sustained the injuries for which she has recovered in this action. The cause of the fall was ice which the defendant allowed to accumulate at that time and place upon the sidewalk. From the evidence the jury could find that there had been no snow or rain for two or three days before the accident, and that the dangerous condition had existed long enough to give defendant constructive notice of that fact. Evidence that the condition, dangerous by reason of the excess accumulation of ice, existed amply sustains the verdict of the jury. That plaintiff was looking at the walk as she approached the place where she fell, and saw glary ice and icy conditions and tried to avoid them by going to one side and stepped on an icy part that was not so apparent, also appears, and made the question of her contributory negligence a question of fact for the jury. (*Twogood* v. *Mayor, etc.,* 102 N. Y. 216.) That case is cited and approved in *Williams* v. *City of New York* (214 N. Y. 259). The evidence shows that water from a pump discharged onto this walk, also that a long pipe carried water from the gutter on a building across the street and dis-

charged it at or near this place, so that it spread over the walk and in cold weather froze. That this had existed for several years and still existed at the time of the trial, *showing no change* — not that a change had taken place since the accident, was evidence given by one witness, to whose evidence appellant objected. The court struck out part of his evidence on motion of defendant's counsel. Similar evidence to the part remaining was given by other witnesses, to which no objection was taken. If a scintilla of vice remains out of the confused condition of the record, after the court's ruling, it is such that disregard of it is contemplated by section 1317 of the Code of Civil Procedure.

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.