No. 10,386.

MIDLAND TERMINAL RAILWAY CO. *v.* PATTON.

Decided July 2, 1923.   Rehearing denied November 5, 1923.

Action for damages for the accidental death of an employe.   Judgment for plaintiff.

*Reversed.*

1.   NEGLIGENCE—*Master and Servant.*   There being two ways of reaching a position in a shop, one safe and the other dangerous, an employe having a choice of the two, is negligent in choosing the dangerous one.

2.   MASTER AND SERVANT—*Negligence.*   A master is not liable for the accidental death of an employe, who, with knowledge of the situation and with choice between a safe and dangerous way

of reaching a certain place in a shop, chooses the dangerous one and is killed.

3.    *Knowledge of Employe.* Where a safe way around a dangerous appliance is obvious at a glance, the knowledge of an employe who selects a dangerous way and is killed, is the same as if he had used the safe way on previous occasions.

4.    *Dangerous Appliance.* The contention, in an action for death, that the master had changed a means of passage over a vat containing boiling liquid, from a safe to a dangerous one, considered and overruled.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. C. C. HAMLIN, Mr. JAMES H. ROTHROCK, for plaintiff in error.

Messrs. CUNNINGHAM & FOARD, Mr. J. C. YOUNG for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

SARAH PATTON, defendant in error, had a verdict and judgment for $5,000 against the Midland Terminal Railway Company for the death of her husband by its alleged negligence, and it brings the cause here for review.

The deceased met his death at the defendant's airbrake shop at about 11:45 a. m., September 7, 1920, by falling off a plank laid across the end of a vat eight feet long, three and one-half feet wide and about two feet deep, nearly filled with a boiling mixture of lye, caustic soda and water, which was used as a bath for machinery, to remove grease therefrom. It was usually kept covered, but when in use was open. At the time of the mishap the deceased was crossing the vat on the plank to get hot water from a barrel at the other side to wash his face and hands. No one saw the accident and there is no proof of how it happened. Whether defendant was negligent is questionable, but, supposing that it was and that its negligence was the proximate cause of the accident, yet plaintiff was not entitled to judgment.

At the close of the plaintiff's evidence and again at the close of all the evidence the defendant moved for a directed verdict. We think this motion should have been granted. It is demonstrated by the evidence that the deceased had his choice between two ways: crossing the vat on the plank as he did, or going around the vat, which was not larger than a dining room table, and so reaching the barrel by a way unquestionably safe. There is no evidence of any unusual condition at the time of the accident; what evidence there is is to the contrary. Plaintiff earnestly argues that the plank was so dangerous that the defendant was negligent in merely maintaining it, but if that is true Patton knew it. What danger there was in crossing the vat on the plank was obvious to any sane person. The deceased had for two years used it occasionally, had seen it covered and open and knew what there was to know about it. The alternative way around the vat was open and obvious even to a stranger, as shown by the plat and photographs, exhibits in the case. With knowledge of the situation and with choice between a safe and a dangeous way deceased was negligent in choosing the dangerous one. *D. & R. G. R. R. Co. v. Komfala,* 69 Colo. 318, 194 Pac. 615.

In trying to distinguish this case from the Komfala case, counsel urge that Komfala had previously used the safe way and so must have known of it, which is true, and there is no evidence that Patton had done so; but the way around the vat was so obvious at a glance that his knowledge was the same as if he had actually used it.

It is further said that in this case and not in the Komfala case the defendant had changed the way from a safe to a dangerous one. There is no evidence of this except the removal of the cover which had to be done to use the vat (which Patton knew) and was done for that purpose, and which was plain to be seen.

The judgment must be reversed and the cause remanded, with directions to enter judgment for the defendant.