## No. 11,077.

### CITY OF COLORADO SPRINGS *v*. PHILLIPS.

Decided November 10, 1924.

Action for damages occasioned by alleged defective sidewalk. Judgment for plaintiff.

### *Reversed.*

#### *On Application for Supersedeas.*

1. MUNICIPAL CORPORATIONS—*Defective Sidewalk.* Where the edge of a cement block in a sidewalk projected about two inches above the others, under the circumstances disclosed, the defect was not, as a matter of law, sufficient to show lack of reasonable care on the part of the city.

2. *Sidewalks—Pedestrians.* Where a pedestrian has knowledge of a defect in a sidewalk, around which there is a safe way on either side, it is his duty to use the safe way.

*Error to the District Court of El Paso County, Hon. Wilbur M. Alter, Judge.*

Mr. GEORGE M. IRWIN, Messrs. CUNNINGHAM, FOARD & MEIKLE, for plaintiff in error.

Messrs. ORR & LITTLE, Mr. H. T. McGARRY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE City of Colorado Springs brings error against Sophia Phillips, who recovered a judgment against that municipality for the death of her husband by a fall on the sidewalk. The case is before us on motion for supersedeas. The judgment must be reversed on the ground that the evidence does not justify the verdict.

The sidewalk in question was composed of concrete blocks, 30 inches square, and was three blocks, that is 90 inches, in its total width. There is evidence which we must take as true that the transverse edge of a middle block projected above the sidewalk perhaps two inches. The husband of the plaintiff, aged 76, stumbled on this edge in broad daylight and broke his leg, from the effects of which he died. The city had known of the condition of the sidewalk for four months and probably more, and had made no effort to correct it. The deceased had walked over it every day for thirteen months at least, and must be said to have known as much about it as the city did. We have recently held that a defect of this kind was, as a matter of law, insufficient to show lack of reasonable care in a municipal corporation, (*Denver v. Burrows,* 76 Colo. 17, 227 Pac. 840), but if that were not so, the deceased knew of the defect and had a safe way round it on either side, upon the side cement blocks or on the earth outside of them. Under such circumstances it was his duty to use the safe way. *Railway Co. v. Patton,* 74 Colo. 132, 219 Pac. 781; *D. & R. G. Co. v. Komfala,* 69 Colo. 318, 194 Pac. 615. There is no evidence of anything like blindness, sudden

attracting of attention or anything of that sort, excusing the lack of care on the part of the deceased. He had just met a lady who said good morning to him, he nodded in reply and about three feet behind her he tripped and fell. Meeting acquaintances on the street and bowing to them is no excuse for one's not looking where he is going. If he, knowing the facts, was reasonably careful though failing to observe the defect, then the city was reasonably careful in permitting it. If the city was negligent in permitting the defect, then Phillips, knowing the conditions, was negligent in walking on without looking and observing. If it was not dangerous the city was not negligent; if it was dangerous then Phillips, knowing the danger, should have observed and stepped fifteen inches to the right or left. The duty of care is correlative and reciprocal.

Defendant in error cites *Denver v. Maurer,* 47 Colo. 209, 106 Pac. 875, and *Highlands v. Raine,* 23 Colo. 295, 47 Pac. 283, which are not without apparent force. The former would be a strong case if the evidence had not shown that plaintiff was struck with the hose over which she fell, or if she had fallen over an obstruction with which she was familiar; the latter would be strong if the decision had been based on the distinct proposition that plaintiff was not bound to choose between a safe and a dangerous way. It was based on the proposition that the use of that part of a dangerous way which plaintiff deemed least dangerous was not necessarily negligent. Neither of these cases quite meets the present.

The judgment is reversed with directions to enter judgment for the defendant.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.