No. 12,664.

CITY AND COUNTY OF DENVER *v.* HUDSON.

(12 P. [2d] 344)

Decided May 23, 1932.

Mr. THOMAS H. GIBSON, Mr. B. F. REED, Mr. KARL C. BRAUNS, for plaintiff in error.

Mr. REES D. REES, Mr. C. E. WAMPLER, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN this action by the plaintiff Hudson against the City and County of Denver, the object of which is the recovery of money damages for injuries which she sustained by falling on an icy and slippery pavement of the city, the jury awarded her the sum of $1,650, which the trial court, after denying the defendant's motion for a new trial, embodied in its judgment which the defendant herein seeks to have set aside. Though the city has made several assignments of error, the sole proposition upon which it relies for a reversal is that plaintiff's own case, as made by the evidence which she produced, shows conclusively, as matter of law, that she herself was guilty of contributory negligence in going upon an obviously dangerous sidewalk, having, at the time, knowledge of its dangerous condition, and also knowledge of one or more other safe and convenient ways by which the dangerous condition of the walk, on which she slipped and fell, could have been avoided, and that her own failure to use the safe way or ways of which she knew, and her choice of a way she knew to be unsafe, constituted the sole and proximate cause of her injuries.

██ ██ The courts of this country in their written opinions, and text writers in their treatises, have not infrequently adverted to the fact that it is difficult, if not impossible, altogether to reconcile or harmonize the decisions of different courts, or even decisions of the same court, upon the question here presented. However, we think that the opinions hereinafter adverted to are in reality not inconsistent when considered in the light of the different state of facts in the different cases. If the undisputed evidence shows that the plaintiff had knowledge of the unsafe condition of the sidewalk in question and that the adjoining street or sidewalk afforded a safe

and suitable way for travel, plaintiff might be guilty of contributory negligence as matter of law. The plaintiff, according to her own testimony, knew that during the winter season in question there had been no attempt either by the city or the owner of the adjoining property, to remove from the sidewalk the snow which had fallen upon it from time to time. Snow had melted and formed ice upon this walk and upon the night of the day next preceding the day that plaintiff was walking over the same and was injured, snow to the depth of several inches had fallen upon the snow and ice that were already upon this walk. The mere fact that walking over this sidewalk was attended with danger did not, as matter of law, make it contributory negligence on the part of the plaintiff to travel over it.

■ Although it may be true, as the city contends, that it was apparent to any careful observer that it was dangerous for one to travel on this sidewalk in its then condition, it is also true, at least there was testimony by the plaintiff, that on the night previous to this day in question several inches of snow had fallen upon and still covered the sidewalk in question, and also the adjacent street and sidewalk. In other words, there was evidence tending to show that not only the sidewalk on which plaintiff fell, but also that the adjoining street itself and the sidewalk on the opposite side of the street were also in a bad condition by reason of the snow and ice that covered the three ways in question, so as to make them more or less dangerous to those walking upon the same. The facts do not support the city's contention that the plaintiff cannot recover because she deliberately and of her own choice walked upon a dangerous sidewalk when she might have availed herself of two safer ways of travel, and of which she had knowledge. Consequently, plaintiff's alleged contributory negligence was not established as a matter of law. The city, however, strenuously maintains that by the decisions of this court in *Colorado Springs v. Phillips,* 76 Colo. 257, 230 Pac. 617;

*Midland R. Co. v. Patton,* 74 Colo. 132, 219 Pac. 781; *Denver & R. G. R. R. Co. v. Komfala,* 69 Colo. 318, 194 Pac. 615, the evidence in this case shows, as matter of law, that the plaintiff was guilty of contributory negligence. We think we have demonstrated by the foregoing recital of evidence that defendant's argument is based upon erroneous assumptions not supported by the uncontradicted evidence. We are satisfied from a careful reading of the record in this case and a study of the opinions relied upon by the city that reasonable minds might differ as to the question of the plaintiff's contributory negligence. We think the trial court was right in submitting to the jury, under instructions to which no exceptions were taken or preserved, the issue as to whether or not plaintiff was guilty of negligence that contributed to the accident.

■ The jury found in favor of the plaintiff and against the city and we cannot, under well established principles, interfere with its verdict or the judgment of the court entered thereon. The following, among other cases that might be cited, are in support of our conclusion: *City of Highlands v. Raine,* 23 Colo. 295, 47 Pac. 283; *City of Denver v. Willson,* 81 Colo. 134, 254 Pac. 153; *Mosheuvel v. District of Columbia,* 191 U. S. 247, 24 Sup. Ct. 57; *Twogood v. Mayor,* 102 N. Y. 216, 6 N. E. 275; *Williams v. New York,* 214 N. Y. 259, 108 N. E. 448; *Dipper v. Inhabitants of Milford,* 167 Mass. 555, 46 N. E. 122; *De Wall v. City of Sioux City,* 181 Iowa 333, 164 N. W. 640; 43 C. J., p. 1090, §1856.

Judgment affirmed.