No. 18,060.

City of Boulder v. Maren N. Burns, et al.
(313 P. [2d] 712)

Decided July 22, 1957.

Messrs. RYAN, SAYRE & MARTIN, for plaintiff in error.

Messrs. RINN & CONNELL, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

DEFENDANT in error, to whom we shall refer as plaintiff, brought this action against the City of Boulder, to recover damages for personal injuries suffered January 18, 1955, when she fell into a water meter box pit installed and maintained by the City on the east side of the 1500 block of 24th Street, Boulder, Colorado. The City answered denying negligence; alleged contributory negligence on the part of plaintiff, unavoidable accident, and further that the sole cause of plaintiff's injuries was the negligence of defendant in error Western Industries, Inc. The City thereupon filed a third-party complaint naming as third party defendant Western Industries, Inc., in which it was alleged that the meter box in question was installed by the City to supply water service to

the premises of Western Industries, Inc., which company agreed to be answerable to the City for all damages resulting from the location or installation of the meter box.

Trial was to a jury which found in favor of the plaintiff and awarded her damages against the City. A separate verdict was returned in favor of Western Industries, Inc., on the City's third party complaint.

The writ of error here has been dismissed as to Western Industries, Inc., and there remains only the question of the correctness of the verdict and judgment in favor of plaintiff.

The evidence clearly establishes that the City installed, maintained and had exclusive control over the meter installation in question. This meter was located outside the city limits on Boulder county property under an undisclosed arrangement with Boulder county as to the roadway which the parties call the 24th Street right of way. There is no sidewalk on either side of 24th Street at the point of this installation, although pedestrians used walkways on each side of the street and adjacent to the portion of the street used for vehicular travel. The meter box in question was about in line with that part of the street used by pedestrians and in front of the vehicular entrance to the trailer court of Western Industries, Inc. The meter was set in a hole, the walls of which had been surrounded by brick or concrete and was covered by a lid consisting of a sheet of iron 24 by 30 inches and weighing about 50 pounds, and intended to rest on ledges or shelves on the sides and ends of the box and to be flush with the top of the box. The lid was not fastened in any manner to the box and had a hand hole in one end so that it could be removed. The evidence established without contradiction that on numerous occasions the lid had been knocked from its proper position on the box by cars passing over it. At the time of plaintiff's injuries she was walking from her home on an errand and was proceeding in a northerly direction on

the east side of 24th Street, which at this point, as we have mentioned, is a county highway. It was snowing at the time and the ground and this box were covered by snow and were not visible. Plaintiff had frequently walked along this same course and knew of the presence and approximate location of the box; she stepped upon the lid which "flipped up" causing her to fall and receive the injuries for which the jury awarded her damages.

The City seeks reversal on five grounds, claiming:

1. That plaintiff was guilty of negligence as a matter of law in walking on the dangerous east side of the street where she knew this box was located when she could have walked on the west side where there were no boxes.

The evidence makes it abundantly clear that plaintiff was walking where she and others had a right to walk. There is no evidence that plaintiff knew or had any reason to believe that the box was dangerous or that by stepping on the lid it would flip up and drop her into a hole. Cases cited by plaintiff in support of this ground are not in point. In the cases cited the party injured knew of the dangers resulting in the injuries and knowingly chose a dangerous way in preference to a safe way. Under the circumstances of the case before us, had there been evidence that plaintiff knew of the dangerous condition of the box, the question of her negligence still would be a question to be determined by the jury.

In *Denver v. Hudson,* 91 Colo. 87, 12 P. (2d) 344, we said:

"If the undisputed evidence shows that the plaintiff had knowledge of the unsafe condition of the sidewalk in question and that the adjoining street or sidewalk afforded a safe and suitable way for travel, plaintiff might be guilty of contributory negligence as a matter of law. * * * The mere fact that walking over this sidewalk was attended with danger did not, as matter of law, make it contributory negligence on the part of the plaintiff to travel over it.

" * * * The facts do not support the city's contention

that the plaintiff cannot recover because she deliberately and of her own choice walked upon a dangerous sidewalk when she might have availed herself of two safer ways of travel, and of which she had knowledge. Consequently, plaintiff's alleged contributory negligence was not established as a matter of law."

■ 2. That it was reversible error to permit plaintiff's witness Brantto to give expert testimony without proper qualification as an expert, and over objections to testify to the effect that the meter box, as shown on pictures in evidence, was dangerous. The witness graduated in 1904 as a mining engineer from Sheffield Scientific School of Yale University, taught surveying, drafting and descriptive geometry at Kansas State College for four years, and had followed his profession as a mining engineer for the other 48 years since graduation and had many years of practical experience in proper and safe methods of covering shafts and holes in mines. In *Denver v. Lyttle,* 106 Colo. 157, 103 P. (2d) 1, we quoted with approval the following language taken from *Stillwell & Pierce Mfg. Co. v. Phelps,* 130 U. S. 520, 9 S. Ct. 601, 32 L. Ed. 1035:

" 'Whether a witness called to testify to any matter of opinion, has such qualifications and knowledge as to make his testimony admissible, is a preliminary question for the judge presiding at the trial; and his decision is conclusive unless clearly shown to be erroneous in matter of law.' "

The City does not contend that the construction of the box was proper or deny that it was manifestly dangerous at the time of plaintiff's fall. The testimony of this witness as to the dangerous condition of the box only served to confirm that which had been well established by other witnesses and made clearly apparent from pictures in evidence showing the dangerous condition of the box.

3. That it had no actual or constructive notice of any defect in the box or lid.

■ The evidence is overwhelmingly to the contrary.

The City constructed the box, therefore it had actual notice of the details of construction and that ordinary care would require that the lid be firmly anchored over the hole it was designed to cover. The cover was not attached in any way to the walls of the pit; nor was it equipped with lugs to hold it in place. The evidence is that cars running over the lid caused it to move and leave the hole partially or wholly uncovered, not once but many times; the fact that it "flipped up" when plaintiff stepped on it shows its lack of stability. Glyn Basnett, a witness called by the City and an employee of the City Water Department, who read the meter December 2, 1954, testified as to the condition of the box on that date: "Well it was in fair condition." It was the duty of the City to maintain the box in a reasonably safe condition so that pedestrians using the roadway might not be injured.

4. That the City had no duty to maintain a safe walkway for pedestrians outside of the city limits. With this statement we are in agreement; however, such is not the question in this case. The City had no right to place and maintain a dangerous pitfall in a public passageway and in so doing is answerable for injuries to persons making lawful use thereof.

*City of Denver v. Farmer,* 125 Colo. 462, 244 P. (2d) 1086, cited by counsel, is not in point. There the plaintiff avoided a safe sidewalk to walk in the parking adjacent to the sidewalk. In doing so he was a trespasser on the parking and there was no duty on the part of anyone to keep the parking in safe condition for pedestrians.

The City installed and maintained this box, it was dangerous and unsafe and located in an area which the City well knew was used by the public entering the trailer court in cars, and by the public using the area as a foot path.

5. That alleged improper remarks of plaintiff's counsel in his final argument to the jury call for reversal.

Unfortunately the reporter's transcript does not contain the alleged improper remarks. The City in its motion for a new trial urges this ground and attaches an affidavit of counsel setting forth in substance the remarks, the objection and the court's remark to the jury that "arguments of counsel were not evidence." The trial court, who heard the remarks was not impressed with the claim that they resulted in prejudice, as evidenced by his overruling the motion for a new trial. In the present state of the record we cannot say that the remarks were prejudicial, or that the trial court did not properly admonish the jury to disregard them. We are not to be understood as approving in any manner statements made by counsel to the jury which go beyond the record.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KNAUSS not participating.