## No. 18,718.

### CITY OF GRAND JUNCTION *v.* MARY EICHELBERGER.

(334 P. [2d] 1095)

Decided February 2, 1959.

Mr. GERALD J. ASHBY, for plaintiff in error.

Messrs. ADAMS, HECKMAN, TRAYLOR & ELA, Mr. T. J. HARSHMAN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

IN this action defendant in error, to whom we will refer as plaintiff, recovered judgment against the City of Grand Junction for personal injuries sustained by her in a fall on a public sidewalk upon which there was an

accumulation of ice and snow. The city, seeking reversal of the judgment, brings the cause here for review by writ of error.

On behalf of the city it is argued: (1) That there was insufficient evidence offered by plaintiff to establish any negligence on the part of the city; (2) that under the undisputed evidence plaintiff was guilty of contributory negligence as a matter of law; (3) that an ordinance of the city requiring the abutting property owner to keep the public sidewalk free from accumulations of snow and ice places responsibility upon him for injuries resulting from the presence of ice and snow on the sidewalk; and (4) that the court erred in overruling defendant's motion for dismissal upon that ground.

The circumstances surrounding the accident resulting in the injury to plaintiff were as follows: Plaintiff, a woman seventy years of age, left her home at about 9:00 A.M. to walk four city blocks to the place where she was employed. The weather was very cold but clear. Commencing at about the point where she fell and on in the direction of her destination the snow had not been cleared away but a small path had been made by people walking through it. On the morning of the accident the snow was eleven inches deep on either side of the walk. Little or no snow had fallen since January 27 — plaintiff fell on February 5th. The sidewalk at the point where she fell was icy. From that point eastward to the end of the block the snow had never been cleared away. The adjacent property owner testified that, "There might have been a little skiff of ice under there on the other end, * * * " (the place plaintiff fell). He further testified that a driveway crossing the sidewalk next door to him "leads down to my sidewalk" and that the walk is depressed so that "I expect three-eighths or half an inch of water that might stand on that walk." The driveway is "quite a bit higher" than the sidewalk, and when snow melts the water runs down the driveway to the depressed area where it accumulates and freezes.

Plaintiff testified that she was being "very particular" where she stepped; that she was "being careful." She knew it was icy and was governing herself accordingly. Nevertheless she fell and suffered injuries.

The trial court submitted the case to the jury under proper instructions concerning the law applicable to cases in which the condition of the sidewalk causing the injury is due to artificial causes. The distinction between the liability of a municipality for personal injuries resulting from a fall on a sidewalk when the same is caused by natural as against artificial causes was recognized and applied in *City & County of Denver v. Willson,* 81 Colo. 134, 254 Pac. 153.

In the case at bar it is argued that there was not sufficient evidence to warrant the court in submitting the case to the jury upon the theory of municipal liability for a dangerous condition caused by artificial means. We think that the driveway and the depressed sidewalk, under the evidence in this case, were just as effective as an artificial causation as the downspout which was the artificial cause of the condition present in the case of *City and County of Denver v. Willson,* supra.

Counsel for the city argues that as a matter of law plaintiff was guilty of contributory negligence. We cannot agree. The following quotation from the opinion of this court in *City and County of Denver v. Hudson,* 91 Colo. 87, 12 P. (2d) 344, is applicable to the facts disclosed by the record in this case:

"We are satisfied from a careful reading of the record in this case and a study of the opinions relied upon by the city that reasonable minds might differ as to the question of the plaintiff's contributory negligence. We think the trial court was right in submitting to the jury, under instructions to which no exceptions were taken or preserved, the issue as to whether or not plaintiff was guilty of negligence that contributed to the accident."

The judgment is affirmed.