No. C-251

Fowler Real Estate Company, Inc. v. James C. Ranke and Florence V. Ranke, Father and Mother and Natural Parents of Edward M. Ranke, a Minor, deceased

(507 P.2d 854)

Decided March 19, 1973.

Paul A. Morris, for petitioner.

Collier, Hayden & Sweeney, William G. Ross, for respondents.

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to the Court of Appeals to review an affirmance by that court of a judgment for $7,500 on a wrongful death action by the parents of Edward M. Ranke. The decision was by two judges with the third dissenting. *Ranke v. Fowler Real Estate,* 30 Colo. App. 543, 497 P.2d 268.

The fourteen-year-old youth, Edward, went swimming at a pool located in Eldorado Springs, Colorado, owned and operated by the petitioner, Fowler Real Estate Company, Inc. He was on an outing with nine other boys. About 10 to 15 minutes after the arrival of the group, Edward was pulled unconscious from the pool by the lifeguard on duty. Efforts to revive the boy proved futile.

The issue presented is whether the Court of Appeals erroneously upheld the trial court's action in refusing to instruct the jury on contributory negligence. We hold that it did and reverse.

■ We consider it settled law that issues of negligence, contributory negligence, proximate cause, and assumption of risk are for the finder of fact to determine. *Hilzer v. MacDonald,* 169 Colo. 230, 454 P.2d 928. Only in rare cases, when the facts are clear and not in dispute, may the court determine contributory negligence as a matter of law. *Schell v. Kullhem,* 127 Colo. 555, 259 P.2d 861.

■ Guidance of when the matter of contributory negligence can be taken from the jury was stated in *Gray v. Turner,* 142 Colo. 340, 350 P.2d 1043, quoting language found in a long line of cases dating back to 1906 in *Williams v. Sleepy Hollow M. Co.,* 37 Colo. 62, 86 P. 337:

" 'It is only in the clearest of cases, when the facts are undisputed and it is plain that all intelligent men can draw but one inference from them, that the question is ever one for the court.' "

*See also Bates v. Stagg,* 157 Colo. 456, 404 P.2d 530; *Hansen v. Dillon,* 156 Colo. 396, 400 P.2d 201; *Swanson v. Martin,* 120 Colo. 361, 209 P.2d 917. *See generally Denver v. Stutzman,* 95 Colo. 165, 33 P.2d 1071.

■ Examination of the record reveals several facts which would support a jury's determination that the deceased was contributorily negligent. The father testified that the boy was not a strong swimmer and that he had warned Edward that morning not to swim in the deep end of the pool. He was found in that area which was clearly marked by depth measurements, and the area had an iron rail to act as a barrier

to entry into the deep end by one coming out of the dressing room where the youth was last seen before being discovered in the water. A short time before the deceased and his companions journeyed to Eldorado Springs, the youth had been seen in a restaurant in Denver. This factor assumes larger significance in that it was established that large quantities of food hindered the efforts to render artificial and mouth-to-mouth resuscitation. Eating before entering a pool is likely to induce cramps, and although the passage of time for the trip from Denver to Eldorado Springs would seem to have been sufficient to digest the food eaten there, the quantities indicate he may have eaten later, though no one saw him do so. This testimony viewed in a light most favorable to the respondents presents a jury question. The trial court erred in ruling there was no contributory negligence as a matter of law.

Judgment is reversed and remanded to the Court of Appeals with directions to remand the cause to the trial court for a new trial.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE KELLEY does not participate.