517 P.2d 466 (1973)
Mary Jane EISENHART, Plaintiff-Appellant,
v.
LOVELAND SKIING CORPORATION, Colorado corporation, Defendant-Appellee.
No. 73-021.
Colorado Court of Appeals, Div. 2.
October 30, 1973.
Rehearing Denied November 20, 1973.
Certiorari Denied January 21, 1974.
*467 Leland S. Huttner, P. C., Denver, for plaintiff-appellant.
Sheldon, Bayer, McLean & Glasman, Richard C. McLean, Denver, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
Plaintiff, a patron at defendant's ski area, was injured when she slipped on ice adjacent to defendant's restaurant complex at the Loveland Ski Basin. The case was tried to a jury and a verdict was entered in favor of plaintiff in the amount of $2,000. Plaintiff appeals from the trial court's order granting defendant's motion for judgment non obstante veredicto. On cross-appeal, defendant asserts that the trial court erred in striking the defense of assumption of risk, in refusing to instruct the jury on such defense, and in instructing the jury regarding defendant's duty to warn. We reverse and reinstate the jury verdict.
On December 8, 1969, plaintiff and her husband skied at Loveland Basin. Following lunch, plaintiff used one of two outside public restrooms at the lodge. As she left the restroom, she slipped on some ice next to a concrete porch adjacent to the restroom. The evidence disclosed that plaintiff was aware of the icy condition on the basis of previous visits to the ski area, and from the fact that she had walked across the ice as she entered the restroom. It was also established that defendant's agents were aware of the ice near the restroom.

I
Plaintiff's challenge to the lower court's entry of judgment N.O.V. raises the issues of whether a prima facie case of *468 negligence was established against defendant, and whether plaintiff was contributorily negligent or assumed the risk as a matter of law. In reviewing the lower court's judgment, we note that issues of negligence and contributory negligence are generally questions for the finder of fact to determine, and the trial court should not rule, as a matter of law, except where the facts are undisputed and reasonable minds could draw but one inference from them. Fowler Real Estate Co., Inc. v. Ranke, Colo., 507 P.2d 854.
We believe that plaintiff established a prima facie case of negligence and that it was therefore error for the lower court to enter judgment notwithstanding the jury's verdict on that issue. In Mile High Fence Co. v. Radovich, 175 Colo. 537, 489 P.2d 308, the supreme court, in rejecting the rigid classifications of trespasser, licensee, and invitee, stated the rule that:
"[T]he occupant, in the management of his property should act as a reasonable man in view of the probability or foreseeability of injury to others."
Whether the occupant acted as a reasonable man is generally a jury question. Fowler Real Estate Co., Inc. v. Ranke, supra.
In support of the judgment N.O.V. defendant cites Jung v. State, 12 N.Y.2d 778, 234 N.Y.S.2d 722, 186 N.E.2d 569, for the proposition that defendant was not negligent as a matter of law. In Jung, plaintiff slipped on ice as she walked from the door of defendant's ski lodge, which was less than ten feet from the base of some of the ski slopes. The court in that case concluded that the area between the ski lodge and the beginning of the ski slopes could not reasonably be kept free from snow and ice, and that defendant was therefore not negligent. In the present case, the icy area was adjacent to a public restroom facility attached to the restaurant, which was some distance from the ski slopes. Under these circumstances, a jury could reasonably conclude that defendant failed to take necessary precautions to lessen the hazardous conditions near the restroom.

II
Defendant also argues that, as a matter of law, plaintiff was either contributorily negligent or assumed the risk. Defendant maintains that plaintiff was aware that there were two restrooms at the lodge, one surrounded by ice, the other free of the hazard, and that plaintiff was negligent or assumed the risk in choosing the more hazardous alternative. See Colorado Springs v. Phillips, 76 Colo. 257, 230 P. 617; Midland Terminal Ry. v. Patton, 74 Colo. 132, 219 P. 781; Denver & Rio Grande R. R. v. Komfala, 69 Colo. 318, 194 P. 615. The cases relied upon by defendant are not controlling in the present case. In the cases cited by defendant it was patently unreasonable for the plaintiff to choose the more hazardous alternative. In the present case, plaintiff chose the restroom which was surrounded by ice because she believed the other restroom was occupied. Under these circumstances, we cannot say, as a matter of law, that it was unreasonable for plaintiff to select the former restroom. The issue of reasonableness was therefore properly a question for the jury.

III
On cross-appeal defendant urges that if the judgment is reversed, the case should be remanded for a new trial. It is argued that the trial court erred in not giving Colorado Jury Instructions 9:21 which states that:
"A person assumes the risk of injury or damage resulting from the negligence of another if he voluntarily and unreasonably exposes himself to injury or damage with knowledge and appreciation of the danger and risk involved."
The jury, however, was given the instruction on contributory negligence contained *469 in Colorado Jury Instructions 9:15 which states:
"Contributory negligence means the failure to do an act which a reasonably prudent person would do, or the doing of an act which a reasonably prudent person would not do, under the same or similar circumstances, to protect himself from (bodily injury). . . ."
Under Colorado law, contributory negligence and assumption of the risk are closely akin to one another and instructions as to both doctrines may be overlapping and unnecessary. See Huguley v. Trolinger, 169 Colo. 1, 452 P.2d 1006; Bennett v. Gitzen, 29 Colo.App. 271, 484 P.2d 811. In Boulder Valley Coal Co. v. Jernberg, 118 Colo. 486, 197 P.2d 155, the supreme court stated:
"In Wilson v. Hill, 103 Colo. 409, 86 P. 2d 1084, and United Brotherhood v. Salter, 114 Colo. 513, 167 P.2d 954, we have classified assumption of risk as a form of contributory negligence, as has been done in Restatement of the Law, Torts, § 466."
It is true that unlike contributory negligence, assumption of risk requires that a plaintiff voluntarily assume the risk and subjectively appreciate the nature of that risk. Nevertheless, under the theory of contributory negligence and assumption of the risk the common element of reasonableness of plaintiff's conduct is at issue. Under the facts of this case, the issues of contributory negligence and assumption of the risk are so nearly the same that having given an instruction on contributory negligence the court did not err in refusing to give Colorado Jury Instructions 9:21. The jury was sufficiently advised to enable them to determine the reasonableness of plaintiff's decision to cross the ice.
Defendant's other assertions of error on cross-appeal are without merit.
Judgment reversed and cause remanded with directions that the jury verdict be reinstated.
COYTE and PIERCE, JJ., concur.