John P. SLOVEK, Sr., John P. Slovek, Jr., Gary W. Slovek, and Michael S. Slovek, Plaintiffs-Appellants and Cross-Appellees,

v.

The BOARD OF COUNTY COMMIS-SIONERS OF the COUNTY OF WELD, Defendant-Appellee and Cross-Appellant.

No. 83CA0005.

Colorado Court of Appeals, Div. I.

Sept. 6, 1984.

Rehearings Denied Oct. 11, 1984.

Certiorari Denied Slovek March 18, 1985.

Certiorari Granted Weld County Commissioners March 18, 1985.

Kent E. Hanson, Denver, for plaintiffs-appellants and cross-appellees.

Thomas O. David, County Atty., Lee D. Morrison, Asst. Co. Atty., Greeley, for defendant-appellee and cross-appellant.

ENOCH, Chief Judge.

In this trespass and negligence action, plaintiffs, the Sloveks, appeal the court's findings of liability and its award of damages. Defendant, the Board of County Commissioners, cross-appeals. We affirm in part and reverse in part.

The plaintiffs and defendant own adjoining pieces of real estate. The St. Vrain River forms the boundary between the properties. One of the plaintiffs, John Slovek, Sr., maintains his personal residence on the plaintiffs' property. Defendant operates a gravel pit on its property, and in order to facilitate this operation, defendant made a cut in the riverbank to allow water to flow from the pit into the river.

On May 1, 1980, high waters of the river forced water back into defendant's cut in the bank and into defendant's gravel pit. These waters subsequently flooded onto plaintiffs' property where they washed away a fence, tools, dikes, and the fish in plaintiffs' pond, and deposited debris and sediment in the pond and on plaintiffs' land.

After trial to the court, the court held that defendant had negligently maintained the cut in the riverbank and awarded damages to plaintiffs. It dismissed plaintiffs' other claims of negligence and outrageous conduct.

I.

Defendant, on cross-appeal, argues that the court erred in finding that plaintiffs had substantially complied with the notice provisions of the Governmental Immunity Act, § 24-10-109(2)(c), C.R.S., or, in the alternative, that defendant had waived strict compliance with the notice requirement. We perceive no error.

■ The question of waiver is one of fact. *Roderick v. City of Colorado Springs*, 193 Colo. 104, 563 P.2d 3 (1977). Where, as here, such a finding of fact is supported by the record and is not clearly erroneous, it will not be disturbed upon appeal. *Gebhardt v. Gebhardt*, 198 Colo. 28, 595 P.2d 1048 (1979).

■ Defendant further contends that the court erred in imposing costs on the county. We disagree.

C.R.C.P. 54(d) provides that: "costs against the State of Colorado, its officers and agencies, shall be imposed only to the extent permitted by law." This limitation stems from the basic concept that costs should not be charged against a public entity, unless the proper authority so directs. *Dietemann v. People ex rel. Blackman*, 78 Colo. 92, 239 P. 1020 (1925); *People in Interest of W.M.*, 643 P.2d 794 (Colo.App. 1982).

The basis of defendant's waiver of the defense of sovereign immunity was not presented to the court. From defendant's brief to this court it appears to have been based on the insurance provisions of § 24-10-104(1), C.R.S. Whether sovereign immunity was not available to defendant because of the presence of insurance under § 24-10-104, or whether the defendant simply voluntarily became a litigant is of no consequence here. Where a public entity waives its sovereign immunity from suit, it may be subject to costs in the same manner as a private litigant. *Barr v. Game, Fish, & Parks Commission*, 30 Colo.App. 482, 497 P.2d 340 (1972).

## II.

Plaintiffs contend that the court erred in its measurement of damages. We agree.

The court awarded damages by determining the difference between the reasonable market value of the Slovek property before the flooding and its reasonable market value after the flooding, and by adding in the cost of replacing the lost fish, trees, and fencing.

We agree with plaintiffs' contention that where, as here, the property is a private residence and the plaintiffs' interest is in having the property restored, plaintiffs are entitled to those "cost of repair" damages proximately caused by defendant's negligence. The award of such repair costs will more effectively return plaintiffs to the position they were in prior to the injury. *Zwick v. Simpson*, 193 Colo. 36, 572 P.2d 133 (1977).

In addition, damages for loss of use and enjoyment of the property, if proven, are to be awarded in a trespass action. *Restatement (Second) of Torts* § 929; *Miller v. Carnation Co.*, 39 Colo.App. 1, 564 P.2d 127 (1977). Recovery, however, is limited to the loss of rental value of the property occasioned by the invasion. *Miller v. Carnation Co., supra.* Here, it is unclear from the record whether the court considered the availability of these damages to plaintiffs.

Furthermore, an occupant-owner of property may recover damages for annoyance and discomfort, if proven, in a trespass and nuisance action. *Miller v. Carnation Co., supra; Restatement (Second) of Torts* § 929. Again, it is unclear from the record whether or not the court considered the availability of these damages to the plaintiff occupant-owner, John Slovek, Sr.

Therefore, on remand, the court should award damages for those repair costs proximately caused by defendant's negligence, and, if the court determines that damages for loss of use and enjoyment and for annoyance and discomfort to John Slovek, Sr., have been adequately proved, the court should award such damages also.

## III.

Plaintiffs contend that the court erred in dismissing their additional negligence claim and their outrageous conduct claim. We disagree.

A finding of negligence is a finding of fact, *Fowler Real Estate Co. v. Ranke*, 181 Colo. 115, 507 P.2d 854 (1973), as is a finding of outrageous conduct. *Enright v. Groves*, 39 Colo.App. 39, 560 P.2d 851 (1977). Here, the court's findings that no negligence or outrageous conduct had occurred are supported by the record and will not be overturned on appeal. *Gebhardt, supra; Enright, supra.*

## IV.

We also disagree with plaintiffs' further contention that plaintiff John Slovek, Sr., is entitled to damages for emotional distress including his past and future medical expenses related to that distress even in the absence of outrageous conduct.

Recovery under a theory of negligent infliction of emotional distress is available even though there was no actual impact. *Towns v. Anderson*, 195 Colo. 517, 579 P.2d 1163 (1978). However, the plaintiff must have been subjected to an unreasonable risk of bodily harm because of the negligence of another, and failure so to allege precludes the plaintiff from recovering such damages. *Farmers Group, Inc. v. Trimble*, 658 P.2d 1370 (Colo.App.1982), *cert. granted on other grounds* (January 17, 1983). Here, no such allegation was made, and thus, no award may be made for emotional distress.

The judgment is reversed with respect to the measurement and amount of damages and the cause is remanded for entry of judgment for an amount of damages consistent with the views expressed in this opinion. The judgment is affirmed in all other respects.

STERNBERG and BABCOCK, JJ., concur.