## No. 12,216.

### MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY
### *v.* SANGER.

(287 Pac. 866)

Decided May 5, 1930.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. JOHN R. TURNQUIST, for plaintiff in error.

Mr. H. W. SPANGLER, Mr. GEORGE B. CAMPBELL, Mr. W. E. SPANGLER, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter so referred to, or as Sanger, and the company.

Plaintiff owned a ranch, one tract of which was pasture land. Defendant's telephone line crossed this. While riding one horse and driving another over this tract plaintiff collided with defendant's wire and was injured. Alleging that this injury was caused by defendant's negligence, and damaged him in the sum of $20,000, he brought this action for that amount. On a verdict in his favor for $9,000 judgment was entered. To review that judgment the company prosecutes this writ.

The 14 assignments of error may be considered under five heads: (1) That no cause of action was stated; (2)

that the verdict was unsupported by the evidence; (3) that certain requested instructions were erroneously refused; (4) that certain erroneous instructions were given; (5) that certain evidence was improperly admitted in support of an erroneous measure of damages.

1. This contention may be thus divided and stated: (a) Plaintiff says we wrongfully entered upon the land and negligently constructed and maintained our line. But it appears that we entered before he bought, and had secured an easement to maintain our line as constructed. Whatever that condition, negligence cannot be predicated upon its maintenance. He took title subject thereto. He says such maintenance interfered with his use. If so, such was the burden he assumed when he bought. (b) Plaintiff also says that, in the exercise of reasonable care, and not knowing of the negligent maintenance, he collided with the wire and was injured. But if the line had interfered with the use of the land he knew of its condition. His statements are contradictory and a rule of construction requires the acceptance of that one adverse to the pleader. Therefore, plaintiff knew of the location and condition of the wire, hence was guilty of negligence in riding into it.

█ █ The only easement the company could secure under the circumstances was the use of the land for its purposes, with no more interference with the rights of the owner, and no more resulting peril, than necessarily involved in such use. Phone lines along highways and across fields ordinarily need not be, and are not, hung so low as to menace travel. Such condition appearing, the burden was upon the company to plead and prove the necessity.

█ From a reading of the entire complaint it is perfectly apparent that the lack of knowledge alleged was rather a lack of memory chargeable to an ample cause. That construction is supported by plaintiff's evidence. This alleged defect thus becomes a mere matter of inter-

pretation and defendant cannot be permitted thus to interpret plaintiff out of court.

2. In so far as the assignment of want of evidence is not based upon the foregoing, and answered by it, we need only say we think it unfounded. Since we must reverse the judgment, and since a new verdict must stand upon the evidence presented on a new trial, no further comment is here necessary.

3. Instructions numbered 1, 4, 5, 6, and 8, tendered by defendant, were refused and error is assigned on each ruling. Of these, No. 1 directed a verdict for defendant, and numbers 4, 5, and 8 amount to the same thing. We have above disposed of the point involved in each. No. 6 is to the effect that a known condition, temporarily forgotten, constitutes contributory negligence in case of injury due thereto, recognizing no sufficient cause for such lapse of memory. It is wrong for reasons hereinafter given.

4. Instruction No. 2, given, told the jury it was defendant's duty to so maintain its line as not to interfere with plaintiff's use of his premises. It is objected to because of the alleged right of defendant to maintain any condition existing when plaintiff bought the place. That objection we have already overruled. It is also objected to because it would deny defendant's rights to the proper use of their easement if that use were inconsistent with plaintiff's use of his premises. That objection we have already sustained. The instruction should be modified accordingly.

Instruction No. 10, given, states the measure of damages. It enumerates the elements thereof as "bodily pain," "mental suffering," "actual damages," "impairment of health," and "permanent injury." But since all are included in "actual damages" this so-called duplication is objected to as misleading. On a retrial the instruction will be so modified as to remedy the possibility.

Instruction No. 6, given, relieves plaintiff of contributory negligence if he did not know the condition

of the wires, or if his attention was distracted, or his memory obscured, by the work in which he was engaged. It is objected to because it is said that pleading and proof are to the effect that plaintiff knew, and that the law allows of no excuse for forgetting. We have hereinbefore observed that plaintiff's complaint admitted knowledge and relied upon justifiable distraction and forgetfulness. The best reasoned authorities support his right to do so. If A, fully advised of the existence of a peril to his life, permits his memory to be obscured because his attention is distracted by a butterfly, and is thus injured, his negligence is fixed. But, if the accident occurred at midnight, while he was fleeing from an assassin, his forgetfulness may be excused. The question is, did he forget, and if so was that forgetfulness, under the circumstances, negligence? Would an ordinarily careful and prudent person, so situated, have so acted? The clearest statement of the rule and its reason, called to our attention, is to be found in *Schleif v. Grigsby*, 88 Cal. App. 174, 263 Pac. 255, 258. It is cited by plaintiff and establishes reversible error. Since the instruction unqualifiedly relieves plaintiff of contributory negligence, no other could cure it. The question was for the jurors and the instruction took it from them.

5. Complaint is made of the admission of plaintiff's direct statements of his earning capacity, based upon the past few years, and his failure to show what it would cost to hire help. It is said that since he is a farmer, with capital invested, the rule announced in Southerland on Damages (4th Ed.) vol. 4, section 1246, applicable to trade and manufacturing, applies, and that such evidence must be excluded for uncertainty. But other portions of the cited section support the ruling: "Where the injured party was * * * conducting a business, the extent and nature of it may be shown; * * *. These facts are not shown as affording a measure of damages, but to aid the jury in estimating a fair and just compensation for being prevented by the injury from en-

gaging in or prosecuting such business or work." Page 4692, Id.

Were the rule otherwise an injured farmer, whose activities were confined to the operation of his own ranch, could never show damages.

For the errors noted the judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.