## No. 18,943.

NELLIE JASPER *v.* CITY AND COUNTY OF DENVER.

(354 P. [2d] 1028)

Decided August 29, 1960.

Messrs. FUGATE, MAY & MITCHEM, Mr. DANIEL S. HOFF-MAN, Mr. WILLIAM H. PENDERGAST, for plaintiff in error.

Mr. JOHN C. BANKS, Mr. TY R. WILLIAMS, Mr. HERMAN ATENCIO, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order as in the

trial court. We refer to them as plaintiff and defendant.

Presented for review is the correctness of a judgment setting aside a jury verdict in favor of plaintiff and dismissing plaintiff's complaint.

The facts are undisputed. Plaintiff, age sixty-four, at about 7:30 o'clock A.M. on March 19, 1957, was proceeding west on the sidewalk on the north side of 18th Avenue; as she reached Grant Street, preparatory to crossing the same she looked to see if a bus was in sight, observed that the signal light was green. She then stepped off the curb and into the crosswalk where she fell and suffered injuries, for which she sought recovery and for which the jury by its verdict awarded her the sum of $5,061.00.

The evidence discloses negligence on the part of the city in that a hole extending about four feet in length, located in the crosswalk where the asphalt joins the concrete gutter at the east side of Grant Street, had remained unrepaired for several weeks. This hole was about six inches deep, about a foot wide, about eighteen inches from the curb and was partially filled with loose gravel, stones and concrete. It constituted a distinct hazard to pedestrians using the crosswalk and as such fell far short of being a reasonably safe way for pedestrians.

Plaintiff had used this crosswalk for a long period of time and several times during the two weeks prior to her fall, during which time the crosswalk was in the hazardous condition set forth above.

There were no witnesses to the events which preceded plaintiff's fall and injuries. Plaintiff's testimony as to just what happened leaves much to be desired. Her testimony was to the effect that she proceeded in her usual manner, at a normal gait; that she turned to see if a bus was coming, checked the light, stepped off the curb and fell.

"I just stepped off the curb and hit something, what it was I don't know, and went down; just like you would step to go across the intersection."

After the fall plaintiff was "sitting flat" in the crosswalk where the gutter joins the pavement and in the hole above described.

At the close of plaintiff's case and again at the close of all the testimony, the defendant moved for a directed verdict for reasons as follows: (1) There was no evidence showing the hole to be the proximate cause of the fall; (2) the evidence shows plaintiff to be guilty of contributory negligence as a matter of law. Both motions were denied and the case submitted to the jury on fifteen instructions, including one on contributory negligence, none of which were objected to by either party.

The jury found all issues in favor of the plaintiff and awarded damages as set out above.

In setting aside this verdict and dismissing plaintiff's complaint, the trial judge based his decision on the contention that plaintiff had not sustained the burden of proving the allegations of her complaint. He also stated that "I am convinced also that there was contributory negligence." He did not base his decision on contributory negligence.

We conclude that the case was properly submitted to the jury and that judgment should be entered on the verdict.

The evidence and reasonable inferences to be drawn therefrom goes beyond proving a fall and injuries. It is not at all unusual that plaintiff could not testify as to whether she stepped in the hole, on the edge thereof, or on debris in or about the hole. The fact remains that the fall occurred at the place of the hazard while plaintiff was proceeding in a normal manner and at the place designated for crossing by pedestrians.

It was not necessary that plaintiff's testimony prove with absolute certainty that the existence of the hole

caused the injury. The rule to be followed is well stated in Prosser on Torts (2d ed.) at page 222:

"The plaintiff is not, however, required to prove his case beyond a reasonable doubt. He need not negative entirely the possibility that the defendant's conduct was not a cause, and it is enough that he introduces evidence from which reasonable men may conclude that it is more probable that the event was caused by the defendant than that it was not. The fact of causation is incapable of mathematical proof, since no man can say with absolute certainty what would have occurred if the defendant had acted otherwise. Proof of what we call the relation of cause and effect, that of necessary antecedent and inevitable consequence, can be nothing more than 'the projection of our habit of expecting certain consequents to follow certain antecedents merely because we had observed these sequences on previous occasions.' If as a matter of ordinary experience a particular act or omission might be expected, under the circumstances, to produce a particular result, and that result in fact has followed, the conclusion may be permissible that the causal relation exists."

In *Apache Ry. Co. v. Shumway* (Ariz.), 158 P. (2d) 142, the court lays down the following rule:

"The only remaining question is as to proximate cause. The evidence admitted tended to show that deceased tripped on the lever. The jury found that the proximate cause of the accident was the negligent maintenance of the cutting lever over which deceased tripped. The decision of the Supreme Court of the United States in Tennant v. Peoria & P. U. R. Co., 321 U.S. 29, 64 S.Ct. 409, 411, 88 L.Ed. 520, holds that the jury finding forecloses all questions as to this. All that is required in negligence cases is for the plaintiff to present probative facts from which negligence and the causal relation may be reasonably inferred.

" 'The essential requirement is that mere speculation

be not allowed to do duty for probative facts after making due allowance for all reasonably possible inferences favoring the party whose case is attacked.' (Citing cases.) If that requirement is met, as we believe it was in this case, the issues may properly be presented to the jury. No court is then justified in substituting its conclusions for those of the twelve jurors."

Decisions of this court are in accord with the above pronouncements. In *Venetucci v. City of Colorado Springs*, 99 Colo. 389, 63 P. (2d) 462, it was said:

" * * * On review, the record is viewed in the light most favorable to the party successful in the trial court, and every inference fairly deducible from the evidence is drawn in favor of the judgment."

The facts disclosed by the record before us do not establish contributory negligence as a matter of law.

Plaintiff, duty bound to exercise due care for her own safety, approached the hazardous crosswalk in a normal manner; she walked to the curb, turned around to see if a bus, which she intended to catch, was coming; she looked to see if the signal light was green, and then stepped down from the curb and fell. Thus it appears that plaintiff was at one and the same time confronted with three problems: (1) to watch for a bus to come from the direction opposite to that in which she was proceeding; (2) to watch for a green signal light to warrant her crossing Grant Street; and (3) to proceed across the street on the defective crosswalk.

The following language appearing in *Mathias v. Denver Co.*, 137 Colo. 224, 323 P. (2d) 624, is pertinent to the facts in this case:

"Notwithstanding knowledge of a danger, justifiable distraction or forgetfulness may excuse a party injured thereby. *Mountain States Tel. & Tel. Co. v. Sanger*, 87 Colo. 369, 287 Pac. 866; *Schleif v. Grigsby*, 88 Cal. App. 174, 263 Pac. 255. * * *."

In disposing of this question, we adopt the following

language found in *Denver v. Hudson,* 91 Colo. 87, 12 P. (2d) 344:

" * * * We are satisfied from a careful reading of the record in this case and a study of the opinions relied upon by the city that reasonable minds might differ as to the question of the plaintiff's contributory negligence. We think the trial court was right in submitting to the jury, under instructions to which no exceptions were taken or preserved, the issue as to whether or not plaintiff was guilty of negligence that contributed to the accident."

The judgment is reversed and the cause remanded with directions to reinstate the verdict and enter judgment thereon.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE DAY concur.