No. 22320.

The Denver Dry Goods Company *v.* Margaret Gettman
and John Gettman.
(448 P.2d 954)

Decided January 13, 1969.    Rehearing denied January 27, 1969.

SHELDON and NORDMARK, RICHARD C. McLEAN, for plaintiff in error.

KRIPKE, HOFFMAN & FRIEDMAN, KENNETH N. KRIPKE, HAROLD J. HEAFER, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

PLAINTIFF (here the defendant in error) recovered a verdict and judgment against the defendant (plaintiff in error here) in the amount of $20,000 for personal injuries. Defendant asks that we rule that the trial court erred in not directing a verdict in its favor.

December 11, 1963 was a "cold and slushy" day in downtown Denver. Water had been "tracked" from time to time on the stairway near the California Street entrance of defendant's store leading from the street floor to the basement. The defendant's employees had mopped this water prior to plaintiff's accident. Plaintiff descended the stairs and on the second step from the

bottom she slipped or fell, landing on her hands and knees at the bottom of the stairs. She sustained fractures of her right ankle and left femur, the latter fracture extending into her knee joint. She was permanently injured and there is no contention here that the damages were excessive.

## I.

The principal problem presented on this writ of error is one involving causation, *i.e.*, was there sufficient evidence from which a jury could find that water on the stairway caused the plaintiff's fall? When overruling the motion for a directed verdict, the trial court stated that this "is an awfully close question." The only testimony on this particular point was from the plaintiff and it was as follows:

(On direct examination)

"Q. Tell us what happened from the time you started down the steps?

A. I went to the steps on the right side and I had a shopping bag and my purse in my left hand. I was holding on to the banister with my right hand. I had one more step to go down to the landing when I fell.

Q. Can you describe how you fell?

A. Well, when I came to, I was on my hands and knees.

Q. In which direction were you facing?

A. That way (indicating).

Q. Away from the steps?

A. Yes.

Q. What is the next thing that you remember?

A. The next thing I remember is they had me sitting up against the wall that way (indicating), and my head was leaning against the wall there.

Q. How did you feel at that time?

A. I was in very, very severe pain.

Q. Do you remember anything specific?

A. Yes. I just happened to look up and I seen a puddle of water there on the second step.

Q. Is that the step on which you slipped?
A. Yes."

\* \* \*

(On cross-examination)

"A. I was coming down the right side here and right here is where I fell (indicating). The water was right here — right around here and I didn't see the water until they had me propped up when I came to, you see, with my feet out this way. My feet were out this way (indicating). I just happened to look over and here was that water right there."

\* \* \*

"Q. I believe you testified you fell forward?
A. Yes.
Q. You landed on your hands and knees?
A. I landed on my hands and knees. Yes."

\* \* \*

"A. \* \* \* All I can remember is I fell on my hands and when I came to, I was on my hands and knees.
Q. You didn't fall backward at any time?
A. No.
Q. You didn't land on your buttocks at any time?
A. No.
Q. Or slide down the stairway?
A. No."

\* \* \*

(On redirect examination)

"Q. Do you recall slipping?
A. Yes.
Q. Do you recall an actual slipping?
A. I just went down like that when I was on this step. I remember I just went down. That is all I can remember."

■■ Counsel for the defendant have argued strenuously and ably that there was no direct testimony that the water on the stairway caused the plaintiff's fall; that this cannot be inferred; that such a conclusion is based upon speculation and conjecture; and that the fact that

she landed on her hands and knees indicates she did not slip. However, under the authority of *Jasper v. Denver*, 144 Colo. 43, 354 P.2d 1028, we conclude that there was sufficient evidence of causation to submit the case to the jury. In that case the plaintiff could not testify that she stepped in a hole in the crosswalk near a curb, such hole being at or near the point at which she fell. It was held that there were sufficient probative facts from which the causal relation with the hole might be reasonably inferred; and we reversed a judgment setting aside a jury verdict in favor of the plaintiff. There is sufficient similarity between that case and the instant one that a reversal here on a question of causation would amount to a disapproval of *Jasper*. We, however, do not disapprove *Jasper*. We cannot rule that, since plaintiff was on her hands and knees, she did not slip. That was a question for the jury.

II.

■■ The defendant urges that the condition of the stairway was as obvious to customers as to its own employees and states in its brief:

"The Restatement does not make it a matter of contributory negligence, hence an affirmative defense with the burden on the defendant. Rather, it is a matter of the landowner's duty, the burden of proving a breach of which is on the plaintiff. This was made amply clear by Restatement of Torts 2d, Section 343 and 343(A). The latter section states in part:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known *or obvious* to them, unless the possessor should anticipate the harm despite such knowledge or obviousness (emphasis added)."

By this statement in the brief the defendant for the first time suggested that the burden of proof as to this factor might be upon the plaintiff. No instruction along these lines was tendered. The matter was not mentioned in

the motion for new trial. In the memorandum brief supporting the motion for new trial the defendant cited *King Soopers v. Mitchell*, 140 Colo. 119, 342 P.2d 1006 and mentioned its approval of Section 343 of the Restatement of the Law of Torts, being from the first edition thereof. The *Mitchell* case treated the alleged obvious condition under Section 343 as a matter embraced within contributory negligence. We can find nothing presented to the trial court which indicated that this legal proposition was anything but an affirmative defense presented under an allegation of contributory negligence. The jury was properly instructed concerning contributory negligence. Whether the presence of water on the step was obvious to the extent that it made the plaintiff contributorily negligent was a question of fact for the jury. While off-hand we do not think that this proposition is removed from the category of contributory negligence by Section 343 and 343A of the second edition of the Restatement of the Law of Torts, we do not rule thereon as the question was not presented to the trial court.

### III.

The defendant also has argued that it should have had a directed verdict for the reason that there was no evidence of actual or constructive notice to it of a dangerous condition. It was known to the defendant that snow was being deposited from the feet of customers on floors and stairways near the entrances and, on days such as this, it maintained a crew of about 30 persons engaged in mopping up moisture on the floors and stairways. It was known to the defendant that the steps of the marble stairway involved were worn and became slick when wet. By reason of these facts this issue became a question for the jury. *Gianarelli v. Safeway Stores,* 157 Colo. 342, 402 P.2d 645; and *King Soopers v. Mitchell, supra.*

Defendant urges that an affirmance here would amount to an overruling of *Denver Dry Goods Company*

*v. Pender,* 128 Colo. 281, 262 P.2d 257. We find *Pender,* as well as *Boyd v. Hubbell,* 155 Colo. 110, 392 P.2d 664, quite distinguishable.

Judgment affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.