470 P.2d 893 (1970)
Walter Richard RANDALL, Plaintiff in Error,
v.
Louis W. NASBARG and Bert Eppstein, doing business as United Furniture, Defendants in Error.
No. 70-066. (Supreme Court No. 22914.)
Colorado Court of Appeals, Div. II.
March 24, 1970.
*894 Charles M. McClure, III, and Andrew Hitchcock, Denver, for plaintiff in error.
Yegge, Hall, Treece & Evans, Raymond J. Connell, Denver, for defendants in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado, and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties in this action appear here in the same order as in the trial court and will be referred to as plaintiff and defendants.
Plaintiff brought this action against defendants to recover damages for personal injuries suffered in a fall on a ramp in defendants' place of business. At the conclusion of plaintiff's case, the trial court granted defendants' motion for a directed verdict.
Plaintiff contends here that his evidence established a prima facie case of negligence and the trial court erred in refusing to submit the issues to the jury and in ruling as a matter of law that plaintiff failed to establish a case of negligence or proximate cause against the defendants.
The plaintiff was a business invitee at defendants' place of business when he was injured. In support of his case, he presented evidence that defendants constructed and maintained a ramp on the premises which was steeper than that permitted by the Building Code of the City and County of Denver, and that the ramp had a brushed surface which was worn smooth in spots. The plaintiff testified that while descending this ramp he fell when he "hit a slippery spot and his feet went out from under him."
This evidence was disputed. One of the defendants, who was called as an adverse witness, testified that immediately after plaintiff fell he said that he fell because he was wearing leather heels.
Generally, the issues of negligence and proximate cause are issues for the trier of facts. Only in the clearest of cases where the evidence is undisputed and reasonable minds could reach but one conclusion are the questions of negligence and proximate cause to be taken from the jury and determined as a matter of law by the court. Hilzer v. MacDonald, Colo., 454 P. 2d 928.
In deciding a motion for a directed verdict at the close of the plaintiff's case, the only consideration for the court is whether the plaintiff's evidence, including every legitimate inference which may be drawn from it and disregarding all conflicting inferences, is sufficiently material and substantial to justify a finding of negligence. Gossard v. Watson, 122 Colo. 271, 221 P.2d 353.
The evidence here, if considered most favorably to the plaintiff, established *895 a prima facie case. The testimony of the defendant that plaintiff said he fell because he was wearing leather heels, and all other evidence and inferences favorable to the defendants should have been disregarded in ruling on the motion for a directed verdict.
The defendants contend that there was insufficient evidence from which the jury could find that the steepness of the ramp and its slippery condition was the proximate cause of plaintiff's fall. There was no direct testimony that the steepness of the ramp in and of itself caused the plaintiff's fall. The necessity for direct testimony to establish proximate cause has been considered by the Colorado Supreme Court.
In Jasper v. City and County of Denver, 144 Colo. 43, 354 P.2d 1028, the plaintiff fell in a crosswalk in a city street. There was a hole at or near the point where she fell, but she was unable to testify that she had stepped in the hole. The plaintiff did not know why she fell, but after the fall she was sitting in the hole. It was held that there were sufficient probative facts from which negligence and the causal relation might reasonably be inferred, and the Supreme Court reversed a judgment setting aside a jury verdict in favor of the plaintiff.
The holding in the Jasper case was approved and followed in Denver Dry Goods Company v. Gettman, Colo., 448 P.2d 954 (1969). In that case, a customer brought suit against a store for damages sustained in a fall down wet stairs. There was no direct evidence that the water on the stairway caused the plaintiff's fall. The court held that there was sufficient evidence from which the jury could infer that the water on the steps was the proximate cause of the fall, and a verdict in favor of the plaintiff was affirmed.
On the authority of these cases, which are sufficiently similar to the instant one to be controlling, we conclude that there was sufficient evidence of causation to require submission of the issue of proximate cause to the jury.
The judgment is reversed and the cause is remanded for a new trial on all issues.
COYTE and DUFFORD, JJ., concur.