492 P.2d 894 (1972)
Kay lona HALL, Plaintiff-Appellant,
v.
CHEYENNE MOUNTAIN MUSEUM AND ZOOLOGICAL SOCIETY, a non-profit corporation, et al., Defendants-Appellees.
No. 70-559.
Colorado Court of Appeals, Div. I.
January 4, 1972.
Walberg & Pryor, Robert W. Carney, Denver, for plaintiff-appellant.
Sheldon, Bayer, McLean & Glasman, Daniel H. Polsby, Denver, for defendants-appellees.
Not Selected for Official Publication.
COYTE, Judge.
Plaintiff-Appellant, Kay Iona Hall, will be referred to by name or as plaintiff; defendants-appellees, Cheyenne Mountain Museum and Zoological Society, Tom Cook, and Tim Sawyer will be referred to by name, or as defendants.
On August 17, 1968, Mrs. Hall and her family paid an admission fee to visit the Cheyenne Mountain Zoo in Colorado Springs. As the family entered the area in question, a truck of the defendant zoo, used to haul hay and chaff, blocked the road. The Halls thereupon left their car and walked in front of the truck in order to view some animals kept in that area. Defendants Cook and Sawyer, employees of the zoo, were unloading hay and chaff from the truck, attempting to throw it over the fence in certain catch pens. As the Halls passed the truck, returning to their automobile, they were engulfed in a cloud of hay and chaff. Plaintiff closed her *895 eyes and ran a few steps forward to get away from the chaff and hay, when she struck her head against a log gate. She testified that she had not seen the gate prior to the accident.
Plaintiff brought suit, alleging that defendants were negligent in the pitching of the hay by Sawyer and Cook when plaintiffs were in the area. At the end of plaintiff's evidence, on defendants' motion for a judgment of dismissal, the court ruled as a matter of law that defendants were not guilty of negligence, but, even if they were, that plaintiff was guilty of contributory negligence, and directed a verdict for defendants. Plaintiff has appealed from this ruling. We reverse.
In the case before us, defendants Sawyer and Cook, employees of the zoo, were pitching hay on a windy day while visitors of the zoo were in the area. As the zoo employees would throw a forkful of the hay and chaff from the truck, it would blow back into their faces and engulf the entire area. No one witnessed the plaintiff being struck by hay or chaff, and plaintiff did not know at first what it was that hit her. Her husband, walking beside her, who was also hit by flying hay and chaff, saw that the material hitting him came from the fork of the men on the truck as they released a forkful into the air.
Defendants had a duty to exercise reasonable care toward plaintiff while she was on the premies. Mile High Fence Company v. Radovich, Colo., 489 P.2d 308. The resolution of this issue requires a factual determination by the jury. The issue of negligence should have been left to the jury as the trier of fact. Hilzer v. MacDonald, 169 Colo. 230, 454 P.2d 928; Randall v. Nasbarg, 28 Colo.App. 147, 470 P.2d 893.
The issue of contributory negligence is also normally a jury question. Plaintiff was duty-bound to exercise due care for her own safety as she walked in the area. However, a justifiable distraction or forgetfulness may excuse a party injured thereby. Mathias v. Denver Union Terminal Ry. Co., 137 Colo. 224, 323 P.2d 624; Arps v. City and County of Denver, 82 Colo. 189, 257 P. 1094. It was error for the court to rule as a matter of law that plaintiff was guilty of contributory negligence. Jasper v. Denver, 144 Colo. 43, 354 P.2d 1028.
In Lee v. Missouri Pacific R.R., 152 Colo. 179, 381 P.2d 35, the court stated:
"Motions for directed verdict present a question of law and in deciding the motion the court must consider the evidence in the light most favorable to the party against whom the motion is directed; every fact supported by credible evidence must be resolved in his favor and the strongest inferences reasonably deducible from the most favorable evidence should be indulged in his favor."
In light of the evidence presented in this case, the court erred in taking the questions of negligence and contributory negligence from the jury.
Judgment reversed and the cause remanded to the trial court with directions that trial be had on all issues.
ENOCH and PIERCE, JJ., concur.