525 P.2d 487 (1974)
John I. SHANDY, Plaintiff-Appellant,
v.
SOMBRERO RANCHES, INC., a Colorado corporation, Defendant-Appellee.
No. 73-353.
Colorado Court of Appeals,
July 30, 1974.
Costello & Kofoed, P. C., David L. Kofoed, Denver, for plaintiff-appellant.
Walberg & Pryor, John E. Walberg, Denver, for defendant-appellee.
Not Selected for Official Publication.
RULAND, Judge.
This is an action to recover damages for injuries sustained by plaintiff while riding a horse rented from defendant. Trial was held to a jury. At the conclusion of plaintiff's evidence, the trial court granted defendant's motion for directed verdict and dismissed plaintiff's complaint. Plaintiff appeals from that judgment. We reverse.
Plaintiff contends here that his evidence established a prima facie case of negligence and that the trial court erred as a matter of law in directing a verdict for defendant. We agree.
In reviewing a motion for directed verdict, we must consider the evidence in a light most favorable to the party against whom the motion is directed; every controverted fact must be resolved in his favor, and every reasonable inference that is deducible from the evidence should also be indulged in his favor. Nettrour v. J. C. Penney Co., Inc., 146 Colo. 150, 360 P.2d 964. The parties agree that one, such as defendant, who rents horses for riding purposes owes its patrons a duty of reasonable care to provide a horse commensurate with the rider's ability, that is, in the case of a beginning rider, a horse which is a gentle "walker" type.
Viewing the evidence and the inferences therefrom in a light most favorable to plaintiff, the record reflects the following events. Defendant owns and operates a riding stable. Plaintiff was a beginning rider and communicated that fact to defendant's wrangler at the time he rented riding horses for himself and other members of his family. The wrangler selected a horse for plaintiff and then selected horses for the others. While preparations were being completed for the ride, the horse upon which plaintiff was mounted began to mill about and according to plaintiff's testimony "act flighty." Plaintiff experienced difficulty in controlling the horse. From the evidence, it may be inferred that the wrangler observed plaintiff on the horse at this time. However, *488 the wrangler made no attempt to examine plaintiff's horse or its gear, and offered no advice to plaintiff about handling the horse. Suddenly, plaintiff's horse bolted, ran for some distance, and threw plaintiff, causing him to suffer serious injuries.
Plaintiff's expert witness testified that a "walker horse" does not bolt in the absence of external influences, such as a dog barking or a bolt of lightning. The evidence is clear that the horse did bolt. On the other hand, the testimony reflects that there were no external influences which caused the unexpected movement of the horse. In addition, this witness testified in answer to hypothetical questions that if it appeared after mounting a horse that the rider was having difficulty controlling the horse, he would advise the rider of some corrective measure.
This evidence and the inferences therefrom were sufficient for a jury to find that the horse provided to plaintiff was not suitable, that defendant's wrangler knew or should have known that the horse was not suitable because plaintiff was having difficulty controlling the horse, and that defendant's wrangler was negligent in not advising plaintiff or otherwise assisting him so that plaintiff could achieve adequate control of the horse.
In support of the directed verdict, defendant relies on testimony elicited from its president by plaintiff to the effect that this particular horse had demonstrated that it was suitable for beginning riders for a number of years prior to and following the accident. Defendant also relies on other testimony of plaintiff's expert to the effect that when a wrangler is outfitting horses and riders, it is not customary for him to observe a particular horse's behavior after the rider is mounted and that any horse can conceivably "do the most unexpected thing." While we agree that this evidence produces inferences which are conflicting with those drawn above, for purposes of determining defendant's motion for directed verdict these inferences must be disregarded. Randall v. Nasbarg, 28 Colo.App. 147, 470 P.2d 893.
The judgment is reversed, and the cause is remanded for a new trial.
COYTE and ENOCH, JJ., concur.