SMITH and BERMAN, JJ., concur.

**Kevin Charles SMITH,**
**Plaintiff-Appellant,**

**v.**

**CITY AND COUNTY OF DENVER, acting By and Through its BOARD OF WATER COMMISSIONERS, Defendant-Appellee.**

**No. 82CA1281.**

Colorado Court of Appeals,
Div. II.

Nov. 1, 1984.

Rehearing Denied Nov. 29, 1984.

Certiorari Granted Feb. 25, 1985.

Bragg & Dubofsky, Douglas E. Bragg, Denver, for plaintiff-appellant.

Zarlengo, Mott & Zarlengo, John C. Mott, Karen R. Wells, Denver, for defendant-appellee.

SMITH, Judge.

Plaintiff, Kevin Smith, commenced this action against defendants, the City and County of Denver and its Board of Water Commissioners (the Board), alleging that he sustained injuries as a result of the Board's negligence.

Trial was to a jury which returned a verdict for Smith. The trial court thereafter granted the Board's motion for judgment notwithstanding the verdict pursuant to C.R.C.P. 50(b). The trial court also denied Smith's motion for new trial made pursuant to C.R.C.P. 59(a)(5) on the issue of damages alone. Asserting that the trial court erred in both rulings, Smith appeals. We affirm.

The facts are undisputed. On September 3, 1979, Smith drove to a mountain location on the South Platte River known as "the Chutes." The Chutes are located on land owned by Denver acting through its Board of Water Commissioners.

Shortly after his arrival at the chutes, Smith began diving from a rock formation on the west side of the river into a pool formed by the river flowing past the rocks. Smith admitted that on his first dive he was at least fifteen feet from the water's surface and that he touched the bottom of the pool. Smith climbed the rock formation again to a higher location and dived into the pool. This time he forcefully struck bottom, sustaining injuries that resulted in him becoming a quadriplegic.

Smith argues that the Board was negligent in failing to maintain the property in a reasonably safe condition in view of the foreseeability of injury to him. On appeal he relies on *Thorpe v. Durango School District*, 41 Colo.App. 473, 591 P.2d 1329 (1978), *aff'd*, 200 Colo. 268, 614 P.2d 880 (1980) and *Mile High Fence Co. v. Radovich*, 175 Colo. 537, 489 P.2d 308 (1971).

Smith also argues that the determination of whether the Board met the standard of care imposed by *Mile High* is a question for the jury except in cases where the facts are undisputed and reasonable minds could draw but one inference from them. On this issue Smith relies on *Hilzer v. MacDonald*, 169 Colo. 230, 454 P.2d 928 (1969), and *Randall v. Nasbarg*, 28 Colo.App. 147, 470 P.2d 893 (1970).

Smith correctly states the rule of *Thorpe, Hilzer,* and *Randall;* however, he misconstrues the extent of the duty of care defined in *Mile High.* In *Mile High* a police officer was injured at night by stepping into an unmarked, open posthole which had been dug along a dark alley by the defendant fence company. Other postholes dug along the alley had been filled with fence posts. The fence company in *Mile High* was held to have recognized the hazard it had created on the property in question, as well as the fact that the hazard was not open and obvious at night in an unlit alley. Further, the court found that the company had affirmatively and negligently failed to indicate or visibly mark the existence of the hazard and had knowledge that persons might be legitimately walking in the alley at night and fall in a posthole. These conclusions justified application of the rule holding the company culpable.

Here, the alleged hazard, the Chutes, existed as a result of a natural condition, *i.e.,* a river and a rock formation along its banks. Neither the river nor the rocks are inherently dangerous in and of themselves nor has the Board done anything to make them so. The Board did not create this condition nor did the Board allow the Chutes to come into existence, negligently or otherwise. Indeed, it was the activity itself in which Smith chose to engage which

created and gave rise to the risk and subsequent injury.

While Smith's status as a trespasser is not dispositive of the Board's liability under *Mile High*, it is indicative of the lengths to which Smith went in order to engage in what was indisputably a hazardous act. The rock formation from which Smith jumped cannot be reached by public road. To get there, Smith had to park his car along a county road on the east bank of the river, wade or swim across the river from Douglas County into Jefferson County and then climb some rocks in following a trail across the Board's property. He then was required to scale the rocks and select a position from which to jump or dive.

Under these circumstances in which the landowner did not condone the activity and did nothing to create the situation in which it was conducted, we perceive no basis upon which the landowner may be held liable to the trespasser. The fact that a participant misjudges the risks which he undertakes and is injured, while tragic, cannot operate to impose liability on a landowner unless he has breached a duty to the participant and unless such breach is a cause of the injury. *See Cash v. Minnequa Bank*, 162 Colo. 236, 426 P.2d 767 (1967). We conclude no breach of duty occurred here.

Smith argues, however, that the Board had a duty to warn him of the hazards of the activity in which he chose to engage and that its failure to do so caused his injuries. We reject this argument.

Viewing the evidence in the light most favorable to Smith's contention, as we must, *Roberts v. Bucher*, 41 Colo.App. 138, 584 P.2d 97, (1978), *rev'd on other grounds*, 198 Colo. 1, 595 P.2d 239 (1979), we conclude that although the Board was aware of others who had sustained serious injuries by participating in this same activity, it had no duty to warn Smith of the danger involved. Smith himself was well aware of injuries sustained by others; indeed, Smith admitted that, on the day in question, others told him of these incidents.

The fact that Smith on his first dive contacted the river bottom and yet chose to dive from an even higher, more dangerous position also adds to his awareness of the apparent risks. Thus, at the time he sustained his injuries, Smith had the greater knowledge of the risks and the conditions existing which alleviated any duty to warn on the Board's part. *See Burchinal v. Gregory*, 41 Colo.App. 490, 586 P.2d 1012 (1978). Hence, even if we were to assume that the Board had a duty to warn, such warning under the facts of this case would have been superfluous and its absence could not, as a matter of law, have been a cause of Smith's injury.

Inasmuch as we have determined, as a matter of law, that the Board breached no duty to Smith, either by act of commission or omission, the jury's finding of liability cannot stand, and the trial court was correct in entering a judgment dismissing Smith's claims notwithstanding the verdict. *See Alexander v. First National Bank*, 169 Colo. 252, 455 P.2d 861 (1969).

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.