Javier RODRIGUEZ and Mary L. Rodriguez, Plaintiffs–Appellants,

v.

MORGAN COUNTY R.E.A., INC., Defendant–Appellee.

No. 92CA1916.

Colorado Court of Appeals, Div. IV.

Feb. 24, 1994.

As Modified on Denial of Rehearing March 31, 1994.

Certiorari Denied Aug. 15, 1994.

Marvin Dansky, P.C., Marvin Dansky, Westminster, for plaintiffs-appellants.

Hall & Evans, L.L.C., Alan Epstein, Robert J. McCormick, Denver, for defendant-appellee.

Opinion by Judge ROTHENBERG.

Plaintiffs, Javier and Mary L. Rodriguez, appeal from the judgment entered upon a jury verdict in favor of defendant, Morgan County R.E.A., Inc. (R.E.A.). We affirm.

In September 1987, Javier Rodriguez was injured when he and a co-worker moved an aluminum irrigation pipe to a position under an electric power line and raised it vertically, touching the wire overhead.

Plaintiffs sued R.E.A. for personal injuries and damages, claiming R.E.A. was negligent in its maintenance of the power line, and also sued Javier Rodriguez' employer Randall & Blake, Inc. Mary Rodriguez sought damages for loss of consortium. In its answer,

defendant R.E.A. asserted the affirmative defenses of comparative negligence and assumption of risk.

Randall & Blake moved for summary judgment, claiming plaintiffs' exclusive remedy was under the Workers' Compensation Act. The trial court granted the motion for summary judgment, but Randall & Blake later was designated as a nonparty.

At the conclusion of plaintiffs' evidence, plaintiffs moved for a directed verdict based primarily upon the theories of "momentary forgetfulness" and "justifiable distraction." More specifically, plaintiffs claimed that Javier Rodriguez was absorbed in working in the area of the overhead line, and because he was distracted by his work, he forgot about the power line. According to plaintiffs, this doctrine of momentary distraction or forgetfulness relieved Javier Rodriguez from any negligence for his injuries.

Defendant also moved for a directed verdict, contending that it owed no duty to plaintiffs.

The court denied both motions.

At the close of all evidence, plaintiffs tendered two separate jury instructions stating their theories of momentary forgetfulness and justifiable distraction. The first tendered instruction stated:

> You are instructed that whether it was negligence or not on the part of the Plaintiff, Javier Rodriguez, to proceed to touch the overhead electrical wire of Defendant's [sic] with irrigation pipe, a dangerous situation of which he had previous knowledge, while engaged in his occupation, is a question of fact. *If you find that Plaintiff, Javier Rodriguez, voluntarily proceeded into the dangerous situation as above-described, but that Javier Rodriguez momentarily forgot the danger or was justifiably distracted, such act of forgetfulness or distraction does not constitute negligence to be charged to Plaintiff, Javier Rodriguez.* (emphasis added)

The court refused this instruction, stating:

> You can argue that under the circumstances a reasonable person would have not been aware of the hazard and was excused for not observing the hazard that he would have been aware of under the other circumstances. *But you can't give them an instruction that says flatly without more, if he was momentarily distracted, [it was not] negligence.* (emphasis added)

Plaintiffs second tendered instruction appears to be an excerpt from California's pattern civil jury instructions. *See* California Jury Instructions Civil No 3.51 (7th ed. 1986). It stated:

### CONTRIBUTORY NEGLIGENCE— FORGETFULNESS OF KNOWN DANGER

> Whether or not it is negligence for one to proceed into a dangerous situation of which he had previous knowledge is a question of fact. If you find that plaintiff voluntarily proceeded into a dangerous situation of which he had previous knowledge, but that he momentarily forgot the danger, such forgetfulness is not in itself contributory negligence unless under all the circumstances it shows a want of ordinary care not to have kept the danger in mind.

The court refused this instruction, concluding that it stated California law and not Colorado law.

The jury returned a verdict finding that: (1) Javier Rodriguez incurred injuries; (2) defendant was negligent; and (3) defendant's negligence was not a cause of Javier Rodriguez' injuries. Thus, judgment was entered for defendant.

### I.

Plaintiffs' main contention on appeal is that the trial court erred in refusing to submit to the jury their tendered instructions on momentary forgetfulness and justifiable distraction. We perceive no error.

Defendants question the continued vitality of the momentary forgetfulness-justifiable distraction doctrine in view of the adoption by the General Assembly of § 13–21–111, C.R.S. (1987 Repl. Vol. 6A) concerning comparative negligence. They assert that the purpose of this doctrine was to ameliorate

the harsh effects of contributory negligence which completely barred recovery by the plaintiff and that the doctrine no longer has a place in Colorado law. They further note that all of the Colorado cases allowing momentary forgetfulness or justifiable distraction predate comparative negligence and that there is no momentary forgetfulness or justifiable distraction instruction contained in Colorado's pattern civil jury instructions. *Compare with* CJI–Civ. 9:4 (1988). *See also* § 13–21–111.7, C.R.S. (1987 Repl. Vol 6A) ("Assumption of a risk by a person shall be considered by the trier of fact in apportioning negligence....").

We agree with the defendant and hold that the trial court did not err in refusing plaintiffs' tendered instructions.

### A.

■ The purpose of jury instructions is to provide the jury with the applicable law so that its attention will be directed to the specific issues that are to be determined. As such, instructions should embrace only the correct statements of law by which the evidence is to be examined and applied. *Yampa Valley Electric Ass'n v. Telecky*, 862 P.2d 252 (Colo.1993).

In a few early cases predating Colorado's comparative negligence statute, our supreme court adopted the rule that plaintiffs who had prior knowledge of a dangerous condition could avoid the harsh effects of contributory negligence, which otherwise would have barred their recovery completely, by showing that they were justifiably distracted or had forgotten the danger at the time of the accident causing injury.

The origin of this so-called "momentary forgetfulness" or "justifiable distraction" doctrine is found in *Mountain States Telephone & Telegraph Co. v. Sanger*, 87 Colo. 369, 287 P. 866 (1930).

Sanger sued Mountain States Telephone & Telegraph Company for injuries he sustained when he rode a horse into a low hanging wire. At trial, the court instructed the jury that Sanger was relieved from his own contributory negligence if he did not know the condition of the wires, if his attention was distracted, or if his memory was obscured by the work in which he was engaged. The jury returned a verdict in favor of Sanger.

On appeal, the supreme court reversed the judgment. It concluded that the instruction was improper because it unqualifiedly relieved Sanger of contributory negligence. The court emphasized that the question of contributory negligence was for the jurors and the instruction took away that issue from them. The court stated:

> The question is, Did [the plaintiff] forget, and, if so, was that forgetfulness, under the circumstances, negligence? Would an ordinarily careful and prudent person, so situated, have so acted? ... Since the instruction unqualifiedly relieves plaintiff of contributory negligence, no other could cure it. The question was for the jurors and the instruction took it from them.

*Mountain States Telephone & Telegraph Co. v. Sanger, supra*, 87 Colo. at 373, 287 P. at 867.

Although the court in *Sanger* disapproved the content of the trial court's instruction because it interfered with the jury's factfinding function, the court did not address the initial or underlying issue of whether a plaintiff was *entitled* to a momentary forgetfulness-justifiable distraction instruction, or whether plaintiff was simply entitled to introduce such evidence to avoid a directed verdict for contributory negligence as a matter of law, and to argue to the jury that it should consider plaintiff's forgetfulness or distraction as an excuse for plaintiff's contributory negligence.

Similarly, three later cases cite to *Sanger* for the proposition that plaintiff's momentary forgetfulness or justifiable distraction may constitute an excuse from contributory negligence. However, none of the cases considered whether a plaintiff was entitled to a separate jury instruction on the doctrine and whether the trial court's failure to so instruct was error.

In *Mathias v. Denver Union Terminal Railway Co.*, 137 Colo. 224, 323 P.2d 624 (1958), the trial court entered judgment against plaintiff, finding that he assumed the risk and that the defendant was not negli-

gent. No jury instructions were given by the trial court and, accordingly, jury instructions were not discussed by the supreme court.

In *Calerich v. Cudahy Packing Co.*, 170 Colo. 222, 460 P.2d 801 (1969), the trial court found plaintiff contributorily negligent as a matter of law and dismissed her action; the court thus gave no jury instructions. The supreme court reversed, concluding there was enough evidence of possible justifiable distraction by plaintiff to submit the question of contributory negligence to the jury. It did not discuss jury instructions.

Finally, in *Jasper v. City & County of Denver*, 144 Colo. 43, 354 P.2d 1028 (1960), the supreme court held that the trial court erred in finding the plaintiff contributorily negligent as a matter of law and in setting aside a jury verdict for the plaintiff. There, the jury was instructed on contributory negligence. However, the court did not mention whether a momentary forgetfulness or justifiable distraction instruction was ever requested or given.

As we read these cases, they held only that a plaintiff's prior knowledge of a danger which later caused his or her injury did not constitute contributory negligence and completely bar plaintiff's recovery *as a matter of law*. Therefore, once a plaintiff presented evidence of justifiable distraction or momentary forgetfulness, it was error for the trial court to dismiss plaintiff's action based on contributory negligence. Instead, plaintiff's evidence could be considered by the factfinder along with all other evidence in determining the issues of negligence and contributory negligence; that is, "Would an ordinarily careful and prudent person, so situated, have so acted?"

There are no published Colorado cases discussing the momentary forgetfulness-justifiable distraction doctrine since 1960. *See Jasper v. City & County of Denver, supra.* Furthermore, the underlying reason for the doctrine—to avoid the harsh effects of contributory negligence—has been removed by legislation adopting comparative negligence.

In *Flynn v. City of New York*, 103 A.D.2d 98, 478 N.Y.S.2d 666, 669 (1984), the New York court considered the same issue we face

here: the impact of that state's comparative negligence law on the doctrine of momentary forgetfulness. It stated:

> The doctrine [of momentary forgetfulness] is a vestigial anachronism derived from a system of injury compensation which no longer is operative in this State.

. . . .

We hold, therefore, that it is error to apply the doctrine of momentary forgetfulness of a known danger in a comparative negligence case. Of course, we do not mean to suggest that a plaintiff's temporary lapse of memory is never relevant under a system of comparative negligence. In those cases where the trier of fact finds negligence on the part of a defendant, it may then consider whether a plaintiff's failure to have kept a known danger in mind constituted conduct falling below the standard of a reasonable prudent person. If the trier of fact concludes that plaintiff's conduct did fall below that standard, it may then apportion the liability accordingly.

*But see Keller v. Vermeer Manufacturing Co.*, 360 N.W.2d 502 (N.D.1984) (comparative negligence did not abolish the doctrine of momentary forgetfulness in North Dakota; separate instruction on momentary forgetfulness approved).

We adopt the reasoning of the New York court and similarly conclude that there is no longer any reason or need for a separate doctrine of momentary forgetfulness or justifiable distraction in Colorado and no necessity for a separate jury instruction. The doctrine has now been absorbed by Colorado's comparative negligence scheme. Thus, if a party with previous knowledge of a defect presents evidence of momentary forgetfulness or justifiable distraction, those are simply relevant facts which may be considered by the factfinder *in connection with all other relevant circumstances* in determining whether the party injured exercised reasonable care. *See also DeCordova v. State*, 878 P.2d 73 (Colo.App.1994). For these reasons, we conclude that under our present system of comparative negligence, a special instruction on momentary negligence or justifiable

distraction would improperly emphasize one aspect of the case.

### B.

Applying these principles to the circumstances here, we conclude that the trial court did not err in refusing both of plaintiffs' tendered instructions.

■ Plaintiffs' first tendered instruction stated that if the jury determined Javier Rodriguez momentarily forgot the danger or was justifiably distracted, he was unqualifiedly relieved of any and all liability. This instruction is almost identical to the instruction disapproved in *Mountain States Telephone & Telegraph Co. v. Sanger, supra,* because it improperly takes away the question of contributory negligence from the jury. Thus, it is not an accurate statement of the law, and, for this reason alone, the court was correct in refusing to give it. *See Jacobs v. Commonwealth Highland Theatres, Inc.,* 738 P.2d 6 (Colo.App.1986) (a party is not entitled to an instruction that contains an incorrect statement of the law).

■ The second tendered instruction correctly recites the doctrine of momentary forgetfulness-justifiable distraction by allowing the jury to consider Javier Rodriguez' momentary forgetfulness of a known danger in connection with all of the other circumstances involved and, if appropriate, to apportion the parties' negligence under the comparative negligence statute. However, for the reasons previously stated, we hold that no separate instruction should be given. Accordingly, no error occurred.

### II.

Plaintiffs also contend the jury neglected and refused to follow the court's instructions. Essentially, plaintiffs argue the verdict is internally inconsistent because the jury found that defendant was negligent and that Javier Rodriguez suffered injuries, but that defendant's negligence did not cause those injuries. We reject plaintiffs' contention.

■ A jury verdict will not be reversed for inconsistency if a reading of the record reveals any basis for the verdict. The task of the reviewing court is to examine the instructions, the verdict forms, and the evidence and to determine from the record whether there was competent evidence from which the jury logically could have reached its verdict. Also, if there is a view of the case that makes the jury's answers consistent, they must be resolved that way. *H & H Distributors, Inc. v. BBC International, Inc.,* 812 P.2d 659 (Colo.App.1990).

■ Initially, we note that the verdict here is not inconsistent on its face because a finding of negligence does not create liability on the part of a defendant unless that negligence caused the plaintiff's injury. *Aurora v. Loveless,* 639 P.2d 1061 (Colo.1981).

■ Further, questions of negligence and proximate cause are issues of fact to be determined by the jury, and the appellate courts are bound by the jury's findings when there is competent evidence in the record to support those findings. *Aurora v. Loveless, supra.*

■ Here, there is competent evidence to support the jury's findings that, although defendant was negligent, that negligence was not the cause of plaintiff's injuries. Plaintiffs presented testimony at trial that defendant had failed to warn Javier Rodriguez of the dangers of using the pipes close to the power line. However, Javier Rodriguez testified that he knew the lines were in the work area, he knew it was dangerous to lift the pipe into the line, and he had told co-workers to "watch out" while moving pipes.

Based on this evidence, the jury could have found that defendant was negligent in failing to warn of the danger of lifting the irrigation pipe into the power line, but that that negligence did not cause Javier Rodriguez' injuries. Thus, the jury verdict was not internally inconsistent and is supported by the evidence. *See Aurora v. Loveless, supra.*

We also reject plaintiffs' claim that the jury was required to fill out special verdict form B and its failure to do so and its signing of special verdict form A indicates that it did not follow the court's instructions.

The court instructed the jury to fill out special verdict form A if it found "that no

negligence of the defendant was a cause of any of the Plaintiff's claimed injuries, damages or losses." The jury so found, and, accordingly, it properly filled out special verdict form A.

In light of our conclusions above, we need not address defendant's additional contention that it owed no duty to plaintiff and that, therefore, the court erred in failing to grant its motion for directed verdict. *See Gast v. City of Fountain,* 870 P.2d 506 (Colo.App. 1993).

The judgment is affirmed.

PLANK and MARQUEZ, JJ., concur.